THOMAS AGGS v. SHACKELFORD COUNTY.

No. 7411.

<div style="float:right">85   145<br>3ᵃ 192</div>

1. **A Mortgage is Property — Injury by Public.**—Our Constitution, article 1, section 17, provides, "that no person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made." A mortgage is *property* within the meaning of this provision.

2. **Damage.**—By damage is meant loss or diminution of what is a man's own, occasioned by the fault of another.

3. **Taking for Public Use.**—The mortgagee or beneficiary in a trust deed of land taken in the exercise of the right of eminent domain should be made a party to condemnation proceedings. Proceedings against the mortgagor will not affect the rights of the mortgagee.

4. **Case in Judgment.**—Appellant, who was plaintiff below, was beneficiary in a trust deed upon land through which Shackelford County, acting by its commissioners, opened a public road. The plaintiff was not made party to the condemnation, and the county settled with the mortgagor. In suit for damages by reason of impaired value of the security (which security was alleged to be less than the debt), the note not being due, *held*, that demurrer to the petition was properly sustained. As plaintiff was no party he was not affected by the condemnation, and when the debt matures he may foreclose against the mortgagor and the county.

APPEAL from Shackelford. Tried below before Hon. T. H. CONNER.

*J. R. Fleming* and *Theodore Mack*, for appellant.—1. The term "property," as used in section 17, article 1, Constitution of Texas, providing that "no person's property shall be taken, damaged, or destroyed," etc., comprehends every species of title, inchoate or complete. It embraces those rights which lie in contract; those which are executory, as well as

those which are executed; it means not only the thing owned, but also every right which accompanies ownership and is its incident. A mortgage, therefore, is to be regarded as property, and is within the prohibition of section 17, article 1, of the Constitution. Const. 1876, art. 1, sec. 17; Soulard v. United States, 4 Pet., 511; Railway v. Fuller, 63 Texas, 469; Dunlap v. Railway, 50 Mich., 470.

2. A deed of trust given to secure the payment of a debt does not operate as an absolute transfer of the property on which it is executed to the trustee, upon the trust mentioned in the deed, defeasible upon the conditions therein stipulated; but such instrument is in legal effect a mere mortgage with power to sell. McLane v. Paschal, 47 Texas, 365; Jackson v. Harby, 65 Texas, 710; Baldwin v. Peet, 22 Texas, 718.

3. The language used in article 1, section 17, of the Constitution of 1876, was intended to meet all cases in which, in the prosecution of a public work or purpose, the right or property of any person, in a pecuniary way, may be injuriously affected by reason of the thing being made thereby less valuable. There need be no taking or actual appropriation of property to entitle the owner to damages on account of the construction of a public work. By damage is meant " every loss or diminution of what is a man's own, occasioned by the fault of another," whether this results directly to the thing owned, or be but an interference with the right which the owner has to the legal and proper use of his own. Railway v. Fuller, 63 Texas, 469, 470; Knoll v. Railway, 36 Am. and Eng. Ry. Cases, 250; Re Road in Upper Dublin, 94 Pa. St., 126.

4. The term " land owners," as used in article 4370, Revised Statutes, should be construed to include every person having an interest in the land, in order to give effect to the Constitution of the State. Rev. Stats., art. 4379; Compiled Stats. Neb., 16, sec. 95 et seq.; Gerard v. Railway, 14 Neb., 270; Dodge v. Railway, 28 Am. and Eng. Ry. Cases, 260; Severin v. Cole, 38 Iowa, 463; Astor v. Hoyt, 5 Wend., 603; Parks v. City of Boston, 15 Pick., 198; Ellis v. Welch, 6 Mass., 246; Wilson v. Railway, 67 Maine, 358; In re John and Cherry Streets, 19 Wend., 659; 1 Jones on Mort., secs. 681, 708; Lewis on Em. Dom., sec. 324.

5. The mortgagee of land taken by virtue of the right of eminent domain may recover the damages awarded to the owner of the fee, notwithstanding the amount has already been paid to the mortgagor. The holder of the mortgage has the equitable right to treat the lien of his mortgage as having been to the fund created by the award. The sum awarded arises from or grows out of the land, by reason of the injury which has diminished its value. In equity, it is the land itself. Sherwood v. La Fayette, 109 Ind., 411; Bank v. Roberts, 44 N. Y., 192; Railway v. Ingalls, 15 Neb., 123; Moberly v. McShane, 79 Mo., 41; Lease v. Owen Lodge, 83 Ind., 498; Ball v. Green, 90 Ind., 76; Kiernan v. Jersey City, 20 Am. and Eng. Corp. Cases, 426; 39 N. J. Law, 329; 45 Barb., 407;

Mills on Em. Dom., sec. 65; Lewis on Em. Dom., sec. 324; 1 Jones on Mort., secs. 708a, 681.

6. It is a well established rule, that the damages, if any, should be awarded to the mortgagee, where land subject to a mortgage is taken by virtue of the exercise of the right of eminent domain. Ang. on Highways, 3 ed., sec. 124; Commissioners v. Todd, 112 Ill., 379; Bright v. Platt, 32 N. J. Eq., 362; Wooster v. Railway, 57 Wis., 311; Sawyer v. Landers, 56 Iowa, 422.

7. The mortgagee can not be divested of his rights to recover his damages for the impairment of his mortgage security through the fraud of the mortgagor or owner of the fee and the party exercising the right of eminent domain. Knoll v. Railway, 36 Am. and Eng. Ry. Cases, 250; Re Road in Upper Dublin, 94 Pa. St., 126.

*A. A. Clark* and *West & McGown*, for appellee.— 1. Appellant Aggs, being only a beneficiary in the trust deed to J. B. Watkins by Jacobs, is not under the law entitled to compensation for the land taken by the county for a public road. Gurnsey v. Edwards, 26 N. H., 224; Parish v. Gillimanton, 11 N. H., 293; Boone on Mort., sec. 97.

2. If this is a suit for the award paid to Jacobs by Shackelford County for the road in controversy, the appellant can not recover that award a second time, without alleging that the mortgagor, Jacobs, has converted the money so paid to his own use, and refused to pay same to appellant.

3. Appellant Aggs holds nothing but an equitable right to the award made to Jacobs by the county. He invokes the equitable powers of the court without showing what the equities of the county, or Jacobs, or Watkins are, and without bringing them before the court. Until this is done, the court can not properly render a decree, and the special exception and demurrer were properly sustained. Hall v. Hall, 11 Texas, 547; Peticolas v. Carpenter, 53 Texas, 27; Templeman v. Gresham, 61 Texas, 50.

TARLTON, JUDGE, *Section B.*—September 12, 1889, this suit was instituted in the District Court of Shackelford County by appellant, against appellee, to recover the sum of $1000 as damages. This amount was claimed as a compensation for the impairment of a certain mortgage security, alleged to have been brought about by the defendant county by means of the construction of a public road through certain enclosed lands encumbered by the mortgage of appellant.

A general demurrer and several special exceptions were addressed to the plaintiff's petition, all of which the court sustained.

The plaintiff appealed, and presents for our consideration the sole question, Did the court err in sustaining the general demurrer to his petition ? If the court did err in the respect named, it will be our duty to reverse the judgment.

Stripped of much formal verbiage, the allegations of the petition are: That on February 1, 1887, H. C. Jacobs and wife were the owners of certain tracts of land in Shackelford County; that desirous of borrowing $6000, they applied to the J. B. Watkins Land Mortgage Company, a corporation, and agent of plaintiff for the sole purpose of placing, negotiating, and perfecting loans upon real estate in Texas; that through the manipulations of a firm of loan agents, Fisher, Jacobs & Stinson, doing business at Albany, Texas, and including H. C. Jacobs as a member, plaintiff, through his agent, the Watkins Company, loaned to Jacobs and his wife the sum of $6000; that to secure the loan, Jacobs and wife, about March 1, 1887, executed their deed of trust to J. B. Watkins as trustee for the benefit of this plaintiff as " cestui que trust," and covering the lands particularly described in the petition; that this deed of trust was duly recorded in Shackelford County, March 11, 1887; that Jacobs and wife falsely and fraudulently represented to plaintiff's agent the value of the lands, such value as stated by them being greatly in excess of their real value, and less then and now than the amount loaned; that the lands were enclosed and valuable for farming and pasturage purposes; that on October 13, 1887, the defendant, "with force and arms, entered upon these lands without notice to, knowledge or consent of plaintiff, and without due process of law, and contrary to the Constitution of the United States, and without compensation of any kind to plaintiff, took possession of and appropriated to its own use a strip of land sixty feet wide and two miles long;" that this taking and appropriation was, as plaintiff is informed, for the purposes and uses of the public, and that the strip of land since the taking has been and is now maintained as the Albany and Rising Sun road; that the taking of the land in the manner stated has diminished the value of plaintiff's mortgage security in the sum of $1000; that Jacobs and wife, mortgagors, are insolvent, are unable to pay plaintiff the amount loaned them, and are unable to pay him the amount to which he is entitled as an impairment of his mortgage security; that plaintiff is informed that Jacobs and wife and the defendant have, with the intent to defraud plaintiff, compromised the illegal condemnation proceedings taken by the county, and that in consideration of this compromise the county has paid to Jacobs and wife a large sum of money; that notwithstanding the fraudulent settlement with the owners of the fee, plaintiff ought to recover his damages for the impairment of his mortgage security; that on May 13, 1889, he presented his claim to the Commissioners Court of Shackelford County, and that the court rejected it.

From the allegations of this petition we draw the following conclusions:

That the plaintiff owned a mortgage resting upon the real estate in question; that the Commissioners Court of Shackelford County, with knowledge of the existence of this mortgage, instituted certain condemnation

proceedings to appropriate a portion of the land to public purposes; that the owners of the land were parties to these proceedings, but that the plaintiff, mortgagee, was not; that the owners of the fee fraudulently compromised the condemnation proceedings with the county, and received certain money in consideration of the compromise, whereupon the county appropriated the property to the public use; that by this appropriation the value of the plaintiff's mortgage was lessened $1000; that the mortgagors are insolvent, and that the plaintiff is unable to recover from them either the amount of the mortgage or the sum received by them from the county; that the mortgagors converted to their own use the amount realized from the compromise, and refuse to pay any portion thereof to the plaintiff.

Our Constitution, article 1, section 17, provides, that "no person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made."

A mortgage is, we think, property within the meaning of this provision. Soulard v. United States, 4 Pet, 511; Railway v. Fuller, 63 Texas, 469.

This species of property, like any other, is susceptible of damage, by which is meant "every loss or diminution of what is a man's own, occasioned by the fault of another." Railway v. Fuller, supra.

A deed of trust is, in legal effect, a mortgage with a power of sale. McLane v. Paschal, 47 Texas, 365; Jackson v. Harby, 65 Texas, 710; Baldwin v. Peet, 22 Texas, 718.

If, therefore, the mortgage be damaged for public use, its owner, like the owner of any other property under similar conditions, should be entitled to compensation. Mills on Em. Dom., sec. 65.

The mortgagee of land taken in the exercise of the right of eminent domain should be made a party to the proceeding. He is entitled to the damages awarded, and if they be not paid to him, "he may recover the same from the person or corporation entering upon the land." Jones on Mort., sec. 681a.

The foregoing propositions, relied upon by appellant, we believe to be correct; but conceding their correctness, it does not follow that the petition in this case states a cause of action.

If as stated, the condemnation proceedings were illegal, and appellant was not a party to them, he was and is in no way bound by them. As to him the order of condemnation was a nullity, and the land was not taken for public use. So far as he is concerned, the proceedings could have amounted to no more than the granting by the owner to the county of a license to use a strip of land for public purposes. The owner could voluntarily have granted such a license, because until the land should be sold under foreclosure proceedings, he had the right to its use, and to delegate such use to another. The mortgagee could not be heard to complain unless he showed some injury to the land itself. The petition does

not aver whether at the institution of this suit the mortgage debt was or was not mature. If it was mature, the mortgagee had a right to institute foreclosure proceedings against the mortgagor, and to make the county a party to those proceedings, as being in control or possession of a portion of the land. If the land, by reason of its use by the county, should not be of sufficient value to meet the demand of the plaintiff, the mortgagee could in that proceeding have his remedy against the county, if it should be found that the county had, in the exercise of the right of eminent domain, taken or damaged the land in impairment of his mortgage security.

If when this suit was instituted the mortgage was not mature, and the plaintiff should be awarded damages, what would he do with the amount of the award? If he should apply it as a credit on the debt, he would be thus asserting an obligation against the county, a stranger, before he had the right to sue even the maker of the debt. If he should not apply it to the debt, he would be thus permitted to put in his pocket an amount of money, without reference to the value of the land at the date of the foreclosure to be had in the future. This would be inequitable.

The demurrer was properly sustained, and the judgment should be affirmed.

*Affirmed.*

Adopted June 7, 1892.