Misc.]      County Court, Onondaga County, December, 1897.

Upon a careful examination of all of the cases cited by the plaintiff I do not find that his contention is sustained by the important case reported in 17 Misc. Rep. 728 (Boyd v. Sametz), except in so far as it holds by analogy that these proceedings may be maintained by the grantee of the lessor. In other respects it sustains the theory of the defendant.

From the foregoing considerations, it is my opinion that the verdict of the jury was contrary to law, and that the order made by the magistrate for the removal of the tenant was improperly granted; therefore, the judgment should be reversed, with costs, and it is so ordered.

Judgment reversed, with costs.

---

In the Matter of the Opening of ONEIDA STREET.

(County Court, Onondaga County, December, 1897.)

1. Municipal corporations — Mortgagees of lands taken for a street opening are entitled to notice of the proceedings.

Where the charter of a city provides that, where lands are to be taken for a street opening, compensation shall be made to owners and also to persons having an interest in the property proposed to be taken, mortgagees of such lands are entitled to notice of the proceedings.

2. Same — Insufficient provisions for notice to and the hearing of parties interested in a street opening.

Where the charter provides for no notice to any one, except such as might be derived from the publication and subsequent service, upon owners or persons having an interest, of a copy of a resolution of the common council declaring that it intends to take certain lands and to apply at a time and place named for the appointment of commissioners; where it requires no notice to be given that an owner or party in interest can appear at any time or place and be heard ; where it provides for no notice of the proceedings before the commissioners or any opportunity to be heard; where no notice is required to be given of their report and there is no clear definition of the right of a claimant thereunder, the appointment of commissioners would violate the rule that private property cannot be taken for public use except upon just compensation and under due process of law.

County Court, Onondaga County, December, 1897.    [Vol. 22.

APPLICATION for the appointment of commissioners to award damages to the owners and persons interested in the property proposed to be taken for the opening of a street (Oneida) in the city of Syracuse.

James E. Newell (Levi S. Chapman, of counsel), for petitioner.

Will S. Jenney, for the Syracuse, Binghamton & New York Railroad Company.

Ross, J.   The Syracuse, Binghamton and New York Railroad Company described in the proceedings as the owner of property shown to be benefited by the proposed improvement appeared and urged several objections to the appointment of commissioners.

This corporation filed an affidavit of P. B. Cole, verified October 20, 1897, which shows that there are outstanding mortgages upon the property proposed to be taken, or some part thereof, which mortgages appeared of record at the time these proceedings were commenced, which facts are not denied by the petitioner's attorneys, and it is conceded that no notice has been served personally upon those mortgagees, or in any other manner than by publication in the official papers.

It is strenuously urged by the learned attorney for the railroad company that it is necessary to give notice to such mortgagees in some other manner, and by reason of such failure that these proceedings are rendered invalid, and that any person or corporation who has property and is liable to assessment for the expense of this street opening has a right to insist that the title obtained to the street shall be good as against all persons claiming any interest in the property.

Section 166 of the revised charter of the city of Syracuse provides in substance that when any street is laid out the common council shall require a survey of the same to be made and a map made of the same, and of all the property which, in its judgment, will be benefited by the proposed improvement, which map is to be filed as therein provided.

Section 167 requires that " the common council shall then, by resolution, declare its intention to take and describe the property proposed to be taken, and shall designate a time, place and court of record, when, where, and in which application will be made for the appointment of three commissioners to ascertain and report

the just compensation to be paid to the person or persons owning or having interest in the property proposed to be taken. Such resolution shall be published in the official paper, or papers, of the city, and a copy thereof shall be served upon each owner of any property shown to be benefited."

Section 168 specifies the duties of the commissioners when appointed which, in brief, are that they shall ascertain and award to the respective owners of the property to be taken, and to all persons or corporations interested therein, such damages therefor (deducting the benefits to their adjoining lands), as in the opinion of the commissioners shall be just compensation to them respectively. The provisions of the charter with reference to notice, and with reference to the rights of the owners, or persons interested, in the property proposed to be taken, are somewhat vague and uncertain. No provision is made for service upon a person whose property is to be taken other than service by publication, as before mentioned.

"A person cannot be deprived of property without due process of law, nor shall private property be taken for public use without just compensation." Fifth Amend., Const. U. S.

" Nor be deprived of life, liberty or property without due process of law, nor shall private property be taken for public use without just compensation." Art. 1, § 6, Const. N. Y.; Stuart v. Palmer, 74 N. Y. 183.

" But the legislature may prescribe the kind of notice and the mode in which it shall be given." Stuart v. Palmer, 74 N. Y. 183, 188.

It can be assumed that property cannot be taken for public purposes without giving the owner notice and an opportunity to be heard. It may also be assumed that such notice need not necessarily be personal. The legislature may provide, within certain constitutional limits, the kind of notice required. Constructive notice may be given by publication. Owners of Ground v. Mayor, 15 Wend. 374; Matter of Empire City Bank v. Insurance Co., 18 N. Y. 199, 215; Matter of Union E. R. R. Co., 112 id. 62; Lamb v. Connolly, 122 id. 531; Matter of Common Council of Amsterdam, 126 id. 158; Polly v. Saratoga R. R. Co., 9 Barb. 450.

The Matter of the Common Council of the city of Amsterdam is perhaps as nearly similar to the case under consideration as any case reported in this state. A notice in that case described the contemplated improvement in general terms and notified the owners

County Court, Onondaga County, December, 1897. [Vol. 22.

of the land to be taken that they might file with the city clerk claims for damages, and if such claims are made, application to the Supreme Court would be made at a time and place specified for the appointment of commissioners. On that application those who have filed claims may appear and have a right to be heard. After the appointment of commissioners a second notice is required to be given. They are directed to publish a notice of the time, place, when and where they will meet to make "such ascertainment and assessment." After meeting and making the award for damages they are required to file a report of their work with the city clerk, and a third notice is to be given, that the report of the commissioners has been so filed, and it may be examined by "all the persons interested." That it will be presented at a specified time to the Supreme Court for confirmation, and that "all persons" desiring to object may file their objections with the city clerk. Personal notice is also required to be given to those who appeared in the proceedings, and on the day appointed the court may confirm or annul the report.

In the case under consideration the only notice prescribed, so far as it relates to the owners of property proposed to be taken, is the passage of a resolution by the common council designating "a time, place and court of record, when and where and in which application will be made for the appointment of three commissioners to' ascertain and report the just compensation to be paid to the person or persons owning, or having interest in the property proposed to be taken. Such resolution shall be published in the official paper or papers of the city." * * * Then follows a provision for service upon owners of property shown to be benefited. The difference between the provisions in the Syracuse charter and the Amsterdam charter are:

(A.) There is in the latter case a distinct notice to the owners and all persons interested that they may appear and file claims for damages, and if any claims are filed that they have a right to be heard upon the application for the appointment of commissioners. In the Syracuse case no notice in terms is given to any one except such notice as may be derived from reading a public resolution of the common council declaratory of its intention to take certain property, and to apply at a certain time and place for the appointment of commissioners. No indication that any one interested in the proceedings has the right to intervene at any time to protect

his rights. No suggestion that such a person has the right to be heard upon any of the proposed proceedings.

(B.) The Amsterdam statute provides for a second notice of the time and place where the commissioners will meet for the purpose of ascertainment and assessment. No such provision in the Syracuse statute.

(C.) The Amsterdam statute requires a third notice to be given after the commissioners have made their report that it may be examined by " all persons interested," that it will be presented for confirmation, and that " all persons " desiring to object may file their objections with the city clerk. Also requires personal notice to be given to those who have appeared in the proceedings. On the day appointed the court has " to hear the parties in regard to said report, and may confirm or annul it." This notice runs to all persons interested, and any person can ascertain by an inspection of the report of the commissioners on file whether he is interested, and if he is he has a right to file objections and assert his rights. No such provision is contained in the Syracuse statute.

While the legislature can prescribe the kind of notice, there must be some notice, and there must also be an opportunity for a hearing. It is not enough that those interested may by chance have notice, or that the proceedings, in fact, have been fair. Stuart v. Palmer, p. 188.

It is not enough that the statute gives any person deeming himself aggrieved the right to appeal. § 169. He must first be brought regularly into the proceedings to bind him. If he has not received a sufficient notice he has not been given an opportunity to be heard; he need not act. He need not force himself into a proceeding to which he has neither been invited or given any definite rights if he appears.

To summarize, no notice in terms of any contemplated proceedings are given to an owner of property to be taken. No notice that he can appear at any time or place and be heard. No notice of the proceedings before the commissioners, or of an opportunity to be heard before them. No notice of the report of the commissioners, and no clear definition of the right of a claimant thereunder. A mortgagee of lands proposed to be taken is entitled to notice whether he is strictly considered as an owner or not. The statute clearly contemplates compensation to persons other than the owners of the fee, and if persons having an interest in the property are to receive compensation, how can their rights be protected if they do not re-

County Court, Onondaga County, December, 1897. [Vol. 22.

ceive notice of the proceedings affecting their rights, and if they have no opportunity to assert and enforce such rights.

Pratt v. Bright, 29 N. J. Equity, 128, holds that the persons interested include a mortgagee of the lands condemned.

The greatest injustice might be perpetrated upon a mortgagee. Suppose that the mortgagee only has a lien upon the property proposed to be taken, or that the property so taken bears such relation to the balance of the property covered by the mortgage that the use for a street would render the balance covered by the mortgage valueless, and the property taken bears such a relation and such a proportion to the entire property owned by the owner in fee (and part of which is not subject to the mortgage) that the owner's property is benefited by the opening, or the benefits even exceed the value of the property taken, in which event if the mortgagee is bound by the proceedings he has not even the chance to apply to the courts for the money awarded. Without notice of any kind; without an opportunity to be heard, the property upon which he had security of record is taken, as it seems to me, without due process of law. A mere statement of this situation is as good an argument as can be made against such a doctrine. If the mortgagee's right cannot be interfered with, except he has notice and an opportunity to be heard, then the title to the street opened without such notice would be defective, and cannot be such a title as those whose property is assessed to pay for it have a right to insist shall be obtained. Pratt v. Bright.

The provisions of the Code of Civil Procedure for the condemnation of real property sustains the view herein taken as to the right of a mortgagee.

Section 3358 defines the term " owner " to mean " all persons having any estate, interest or easement in the property to be taken, or any *lien,* charge or *incumbrance thereon.*"

Section 3360, subdivision 4, requires that the names and residences of the owners of the property shall be given. Then follows provisions relative to service, to appearances, and section 3365 provides that an owner (which includes a mortgagee) of the property may appear and interpose an answer.

For the foregoing reasons I think that the mortgagees of the property proposed to be taken are entitled to notice, and for a failure to give such notice these proceedings must be dismissed.

The contention of the railroad company that the requirements of the charter, section 29, requiring the calling for the ayes and nays

upon every resolution authorizing the expenditure or collection of money, or the making of local improvements, or repairs, was not complied with, presents also a question of serious doubt as to the regularity of this proceeding. In the Matter of the City of Buffalo, 78 N. Y. 362.

But it is unnecessary to consider this objection. The application for an appointment of commissioners is denied and the proceeding dismissed. Order to be settled, if not agreed upon by the attorneys, and upon the settlement of the order the question of costs may be presented.

Ordered accordingly.