JOHN T. STEELE, *Appellant*, v. CHARLOTTE A. DYE, *Appellee.*

No. 16,136.

### SYLLABUS BY THE COURT.

1. COMPROMISE TAX DEED—*Consideration—Payment of Subsequent Taxes.* A compromise tax deed over five years old is not rendered void by a recital that the taxes subsequent to the assignment of the certificate were paid by the purchaser, no amount being named, when no taxes due at the time of the compromise are shown to have been excepted from its operation and no new taxes accrued between such assignment and the execution of the deed, and the consideration recited in the granting clause is the amount for which the certificate was issued.

2. ——— *Recital that Land Sold at Tax Sale Has Not Been Redeemed.* The statutory requirement that a tax deed shall recite that the land sold at tax sale has not been redeemed therefrom is sufficiently fulfilled by a recital that the owner has not offered to redeem it, the word "owner" in this connection, as in the statute relating to redemption, including any one who has a substantial interest in the property.

3. ——— *Interest—Competitive Bidding by County—Consideration.* Other objections to a tax deed examined and held not to be fatal.

4. WORDS AND PHRASES—*"Prevails"—Agreed Statement of Facts —Dismissal without Prejudice—Judgment by Consent.* A stipulation that an action shall be submitted upon an agreed statement of facts and that if the defendant "prevails" a certain judgment shall be rendered does not prevent the plaintiff from causing a dismissal without prejudice, in which case the defendant will not have "prevailed" within the meaning of the stipulation.

Appeal from Wallace district court; JACOB C. RUP-PENTHAL, judge.　Opinion filed December 11, 1909.
Reversed.

W. E. Ward, and W. S. Roark, for the appellant.

Lee Monroe, and George A. Kline, for the appellee.

The opinion of the court was delivered by

MASON, J.: John T. Steele, having possession of a tract of land under a compromise tax deed more than five years old, brought an action to quiet his title. Charlotte A. Dye, one of the defendants, answered claiming title in herself, alleging the invalidity of the tax deed upon various grounds, and asking that it be set aside and that she be given possession of the property. A stipulation was filed providing that the case should be submitted upon certain agreed facts. The plaintiff's cause of action upon his petition was then, upon his request, dismissed without prejudice. The court, upon the agreed facts, gave judgment for the defendant as prayed in her answer. The plaintiff seeks to reverse this judgment upon the ground that his tax deed was good upon its face and therefore unassailable.

The principal question to be determined is whether the deed was void upon its face. It proceeded as follows, after reciting the offer of the land at tax sale in September, 1894:

"And whereas, at the time and place aforesaid, no person bid the amount of tax, penalties and charges on said land, the said land was bid off by the county treasurer for the county of Wallace for said amount, to wit, the sum of twenty-six dollars and 89 cents, being the whole amount of taxes, interests and costs then due and remaining unpaid on said property, for . . . which was the least quantity bid for; and whereas, said above-described real property has remained unredeemed from said sale for the period of three years from the date thereof, and no persons have offered to purchase the same for the taxes, penalties, interests and costs due thereon; and whereas, the board of county

commissioners of said county of Wallace did, on the 23d day of November A. D. 1899, by resolution of that date, appearing of record at page 446 of the record of said board, permit and authorize the county treasurer of said county to execute, and the county clerk of said county to assign, a tax-sale certificate of and for said described real property to John Steele at and for the sum of twenty-five dollars, which said sum was then and there, on the 20th day of December A. D. 1899, paid to said treasurer by said John Steele; and whereas, said treasurer did, on the 20th day of December A. D. 1899, execute a tax-sale certificate of and for said described real property and said county clerk did, on the 20th day of December A. D. 1899, duly assign the same and all the right, title and interest of the said county in and to said property to said John Steele; and whereas, the subsequent taxes have been paid by the purchaser as provided by law; and whereas, the period of six months has elapsed since such assignment was made and neither the owner of said property, his agent or attorney has offered to redeem the same:

"NOW, THEREFORE, I, O. N. Thorne, county clerk of the county aforesaid, for and in consideration of the sum of twenty-five dollars and no-100 cents, so paid to the treasurer of said county, as aforesaid, and in pursuance of the said resolution of said board, and by virtue of the statute in such cases made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said John Steele, his heirs and assigns, the real property last hereinbefore described."

The defendant maintains that the deed shows the payment of subsequent taxes by the holder of the tax-sale certificate without stating the amount, and is therefore void. As appears above, the deed, after reciting the assignment of the certificate to the purchaser, continues: "and whereas, the subsequent taxes have been paid by the purchaser as provided by law." But the other recitals show, *prima facie* at least, that there were no subsequent taxes, and therefore that nothing further could have been paid on that account. The order of the county commissioners was made November 23, 1899. At that time the taxes of 1899 were a lien

Steele v. Dye.

on the property. (Gen. Stat. 1901, § 7615.) The board had authority to include them in a compromise. (*Tucker v. Shorb*, 80 Kan. 511.) The deed does not show that they were specially excepted, and therefore, by inference, at least, does purport to show that they were so included. As no new taxes accrued between the date of the compromise and the time the deed was issued the statement that the holder of the certificate paid the subsequent taxes as provided by law is necessarily only formal, and in view of the other statements does not signify that any further payment was actually made. The situation is much the same as though, after the words "the subsequent taxes," there had been inserted "amounting to $——." Indeed, the plaintiff suggests that the peculiar phraseology of the deed was occasioned by striking out the blanks left in the form for the insertion of the amount. The conclusion reached is strengthened by the fact that the consideration named in the granting clause is precisely the amount for which the compromise was made.

The statutory form prescribed for tax deeds (Gen. Stat. 1901, § 7676) includes this recital: "and whereas, —— years have elapsed since the date of said sale, and the said property has not been redeemed therefrom as provided by law." The deed in question recites that "the period of six months has elapsed since such assignment was made and neither the owner of said property, his agent or attorney has offered to redeem the same." Two objections are made to the formula employed: (1) That it relates only to the period between the assignment of the certificate and the execution of the deed, and does not negative a redemption prior to the assignment; and (2) that it relates only to the owner of the land, and does not negative a redemption by a mortgagee or other lienholder. We think it fairly implies that after the property was bid in for the county no redemption was attempted at any time. The statute (Gen. Stat. 1901, § 7662) provides that any

19—81 KAN.

"owner, his agent or attorney" may redeem from a tax sale at any time before a deed issues. An "owner" in this sense is "any one who has a substantial interest in the premises." (2 Cooley, Tax., 3d ed., p. 1045; Black, Tax Titles, 2d ed., § 365; 2 Blackwell, Tax Titles, 5th ed., § 705; *Dubois v. Hepburn,* 35 U. S. 1, 22, 23.) Since the word means this in the statute, it should be given the same effect in the deed, which adopts the statutory phrase.

A further objection is that the order authorizing the assignment of a certificate for $25 was made November 23, and that as the certificate was not taken out until December 20 the purchaser should have paid interest on the amount. The deed does not show that the order required the payment of interest if it was not acted upon at once, and there is no presumption to that effect.

Again, it is objected that the deed shows the county to have been a competitive bidder at the tax sale within the rule announced in *Larkin v. Wilson,* 28 Kan. 513. There, however, the recitals were held to show that the county treasurer made the first bid, and the argument was that his offer might have prevented others from bidding. Here the deed departed from the statutory form so far as relates to this matter in only two respects. For the recital "said property could not be sold for the amount of tax," it substituted "no person bid the amount of tax," which amounted to the same thing. And it added to the statement that the land was bid off for the county the words "for . . . which was the least quantity bid for," which were meaningless in that connection, and therefore harmless.

The final objection to the deed is that after stating the consideration it fails to add the words found in the statute—"taxes, cost and interest due on said land for the years ——." The omitted matter was not applicable, for the consideration was not the amount of the taxes for the several years, but the amount agreed upon as a compromise.

The defendant makes a further contention upon another feature of the case. She claims that the judgment was rendered by consent and therefore is not reviewable. The stipulation already referred to contained a provision that if the defendant "prevailed" the plaintiff should be given a lien for the taxes he had paid. The defendant insists that as he afterward dismissed his cause of action he thereby voluntarily permitted her to "prevail," and authorized the court under the stipulation to render judgment giving him a lien. We do not consider this a just interpretation of the language used. The force of the stipulation was that the plaintiff should have a lien for taxes if the defendant prevailed—that is, obtained a decision on the merits in her favor—after a final submission. Although the parties had agreed to submit the case upon an agreed statement of facts the plaintiff still had the right to have it dismissed without prejudice. (*Pugsley v. Railway Co.*, 69 Kan. 599.) The judgment complained of was not founded upon any consent of the plaintiff, but upon the conclusion of the court that the tax deed was void on its face. The plaintiff has not waived his right to review this decision.

The judgment is reversed and the cause remanded, with direction to enter judgment denying the defendant relief.