## NALLE et al. v. EAVES et al.
### (No. 920–5005.)

Commission of Appeals of Texas, Section B.
April 25, 1928.

**1. Appeal and error ⬅=281(1)—Motion to reform judgment held in legal effect motion for new trial sufficient as basis for assignments of error.**

Motion to reform judgment which, after requesting court to set aside judgment rendered and enter a different judgment, specifically pointed out wherein judgment complained of was erroneous, *held* in legal effect a motion for a new trial and therefore sufficient as basis for assignments of error.

**2. Constitutional law ⬅=48—Interpretation of statute sustaining its constitutionality in its entirety prevails over interpretation rendering it partially invalid.**

If a statute is reasonably and fairly susceptible of two interpretations, one of which renders it unconstitutional in part, and the other sustains it in its entirety, the latter construction prevails.

**3. Municipal corporations ⬅=519(6)—Statute making liens for paving assessments prior to existing vendor's or mortgage liens on non-homestead property, and requiring notice to "owners," held valid (Rev. St. 1925, arts. 1090, 1093).**

If validity of Rev. St. 1925, art. 1090, giving priority to liens for paving assessments over existing vendor's or mortgage liens on nonhomestead property, depends on proper provision for notice to such lienholders, the word "owners" in article 1093, providing that no assessment can be levied until a fair hearing shall first have been given to owners thereof, preceded by a reasonable notice, will be construed to embrace existing lienholders and others claiming any right or interest in property against which lien is sought to be enforced, and such statute is therefore valid.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Owner.]

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by J. B. Eaves and others against Ernest Nalle and others. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (298 S. W. 447), and defendants bring error. Reversed and rendered.

V. E. Middlebrook, of Nacogdoches, for plaintiffs in error.

S. W. Blount and J. J. Greve, both of Nacogdoches, for defendants in error.

LEDDY, J. The honorable Court of Civil Appeals (298 S. W. 447) declined to consider this case on the merits, holding that plaintiffs in error had failed to present assignments of error in accordance with the rules.

It appears that the controversy on the trial before the court, without the aid of a jury, involved purely a legal question as to whether a lien for paving assessment fixed in accordance with the statute was superior to an existing vendor's or mortgage lien on nonhomestead property. The judgment of the trial court decreed the paving lien inferior to the existing liens.

[1] After this judgment was rendered, plaintiffs in error filed what was styled a motion to reform the judgment, which it asserts was in effect a motion for new trial, and therefore sufficient as a basis for the assignments of error urged in the Court of Civil Appeals, and we are inclined to agree with this view. It is true the motion filed was not termed a motion for new trial. After requesting the court to set aside the judgment rendered and enter a different judgment, it complained of the judgment rendered and specifically pointed out wherein the same was erroneous. The attention of the trial court was directly called to the points wherein it was claimed the judgment was an improper one. While not in the usual form of a motion for new trial, we think it was in legal effect such a motion and therefore sufficient as a basis for the assignments of error urged in the Court of Civil Appeals.

In article 1090, R. S. 1925, with reference to paving assessments, it is provided:

"Such assessments shall be secured by, and constitute a lien on said property, which shall be the first enforceable claim against the property against which it is assessed, superior to all other liens and claims, except state, county and municipal taxes."

Article 1093 provides that no assessment can be levied against any property or its owner "until a full and fair hearing shall first have been given to the owners of such property, preceded by a reasonable notice thereof," etc. The statute then provides for notice by publication in a newspaper, and authorizes the city to provide for additional notice if desired.

Defendants in error assert the invalidity of article 1090 because of a failure of the statute to provide for notice to lienholders before the assessment is levied. Plaintiff in error contends, first, that notice to existing lienholders is not a prerequisite to giving a paving assessment lien priority over existing liens; and, second, that, if such notice is essential, the statute properly construed provides for notice to such lienholders.

It cannot be questioned that the Legislature has attempted to give paving assessment liens priority over existing liens. The language of article 1090 puts this beyond the realm of controversy.

There is ample authority to sustain the proposition that notice to lienholders is not a constitutional prerequisite to superiority of lien of special assessment for street improve-

ments. Fitchpatrick v. Botheras, 150 Iowa, 376, 130 N. W. 163, 37 L. R. A. (N. S.) 558, Ann. Cas. 1912D, 534; Baldwin v. Moroney, 173 Ind. 574, 91 N. E. 3, 30 L. R. A. (N. S.) 761; City of Richmond v. Williams, 102 Va. 733, 47 S. E. 844; Norwich v. Hubbard, 22 Conn. 587; Provident Institution for Savings v. Mayor of Jersey City, 113 U. S. 506, 5 S. Ct. 612, 28 L. Ed. 1102.

[2] It is a universal rule of construction that, if a statute is reasonably and fairly susceptible of two interpretations, one of which would render it unconstitutional in part and the other would sustain it in its entirety, the latter construction should prevail.

[3] If, therefore, it be conceded that the validity of the statute giving priority to liens of this character is dependent upon proper provision being made for notice to such lienholders, then, under the rule above announced, the word "owners" as used in the statute will be construed to embrace existing lienholders and all others claiming any right or interest in and to the property against which the lien is sought to be enforced.

It has been repeatedly held that the word "owners," when used in special assessment, eminent domain, or condemnation statutes, embraces the holders of every kind of lien, claim, or equity in the property involved. Aggs v. Shackelford County, 85 Tex. 145, 19 S. W. 1085; Davidson v. T. & N. O. Ry. Co., 29 Tex. Civ. App. 54, 67 S. W. 1093, 1094 and 1095; Rabb v. La Feria Mut. Canal Co., 62 Tex. Civ. App. 24, 130 S. W. 916, 918; Highland v. Galveston, 54 Tex. 527; Farmers' State Bank of Burkburnett v. McReynolds (Tex. Civ. App.) 1 S.W.(2d) 322; Morey v. City of Duluth, 75 Minn. 221, 77 N. W. 829; Ellis v. Welch, 6 Mass. 246, 4 Am. Dec. 122; Sherwood, Administrator, v. City of Lafeyette, 109 Ind. 411, 10 N. E. 89, 58 Am. Rep. 414; Brigham City v. Chase, 30 Utah, 410, 85 P. 436; Woodstock Hardwood, etc., v. Charleston Light & Power Co., 84 S. C. 306, 66 S. E. 194; State v. Missouri Pac. Ry. Co., 75 Neb. 4, 105 N. W. 983, 985; Steele v. Dye, 81 Kan. 286, 105 P. 700, 702.

The legislative right to provide for superiority of this character of lien over existing liens is placed beyond question by numerous decisions. Highland v. Galveston, 54 Tex. 527; Wooten v. Texas Bitulithic Co. (Tex.

Civ. App.) 212 S. W. 248; Storrie v. Houston Street Ry. Co., 92 Tex. 129, 46 S. W. 796, 44 L. R. A. 716; State v. Bank of Mineral Wells (Tex. Civ. App.) 251 S. W. 1107; Preston, Executor, v. Anderson County Levee District (Tex. Civ. App.) 261 S. W. 1077; Farmers' State Bank of Burkburnett v. McReynolds (Tex. Civ. App.) 1 S.W.(2d) 322; Wabash Eastern Ry. v. Commissioners East Lake Drainage District, 134 Ill. 384, 25 N. E. 781, 10 L. R. A. 285; Baldwin v. Moroney, 173 Ind. 574, 91 N. E. 3, 30 L. R. A. (N. S.) 761; German Savings & Loan Society v. Ramish, 138 Cal. 120, 69 P. 89, 70 P. 1067; Shibley v. Van Buren District, 96 Ark. 410, 132 S. W. 444; Murphy v. Beard, 138 Ind. 560, 38 N. E. 33; Lybass v. Town of Ft. Meyers, 56 Fla. 817, 47 So. 346; Carstens v. City of Seattle, 84 Wash. 88, 146 P. 381, Ann. Cas. 1917A, 1070; Dressman v. Semonin (Ky.) 47 S. W. 767; Dressman v. Farmers' & Traders' Bank, 100 Ky. 571, 38 S. W. 1052, 36 L. R. A. 121; O'Dea v. Mitchell, 144 Cal. 374, 77 P. 1020; Seattle v. Hill, 14 Wash. 487, 45 P. 17, 35 L. R. A. 372.

Defendants in error seem to largely rely on the holding made in the case of Morrison v. State Bank & Trust Co. (Tex. Civ. App.) 274 S. W. 341. That case involved a lien created upon a homestead by voluntary contract of the owners. Even though the statute providing for the creation of liens for street improvements was strictly complied with, it was wholly ineffective to create any character of lien against the homestead. This being true, the only valid lien that could be claimed was one made by contract of the parties, and of course they could not by simple contract create a lien superior to those existing at that time.

In this case the property was nonhomestead; hence the statutory lien should have been held superior to the existing vendor's or mortgage liens.

We therefore recommend that the judgments of the trial court and the Court of Civil Appeals be reversed and rendered in favor of plaintiffs in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiffs in error.