## L. E. WHITHAM & CO. v. GAMBRELL et al.

### No. 12651.

Court of Civil Appeals of Texas. Fort Worth.

March 19, 1932.

Milburn E. Nutt, of Wichita Falls, for appellants.

Carrigan, King & Surles, of Wichita Falls, for appellee.

CONNER, C. J.

This suit was instituted by L. E. Whitham and R. M. Whitham, copartners doing business under the firm name of L. E. Whitham & Co., against L. Kertz, J. L. Gambrell, and his wife, Anna Gambrell, and the North Texas Building & Loan Association, a corporation, to recover upon a special assessment certificate issued by the city of Wichita Falls for street improvements made upon lot 14, block D, Kertz subdivision of Fairview addition to the city of Wichita Falls. The certificate was issued on the 19th day of July, 1926, by virtue of improvements made under an ordinance of the board of aldermen for the city of Wichita Falls, passed on the 8th day of March, 1926. The assessment imposed upon the lot by the certificate is in the sum of $326.28. The certificate recites that: "All the proceedings with reference to making said improvements have been regularly had in compliance with the charter and ordinances of said City and Chapter 11, Title 22, Revised Statutes of Texas, 1911, and that all prerequisites to the fixing of the lien and claim of personal liability, evidenced by this Certificate, have been performed. That said pavement and improvement has been completed by said contractor in compliance with the terms of said contract and other proceedings, and was accepted by said City on the 19th day of July, 1926."

Neither Kertz nor Gambrell, nor Gambrell's wife, answered in the case, although duly cited. The Building & Loan Association appeared and sought recovery upon an obligation of $1,000, executed by Gambrell and wife covering a mechanic's lien executed by them, and a vendor's lien executed by Gambrell in favor of L. Kertz.

The facts, so far as necessary to detail, are substantially as follows: Kertz was the record owner of the lot in question, and, as such, on the 27th day of June, 1925, contracted with J. L. Gambrell to sell to the latter the lot in question for the sum of $600 in monthly installments. Kertz, as seller, was to execute to Gambrell, as buyer, when Gambrell had paid two-thirds of the total consideration and accruing interest thereon, a warranty deed with vendor's lien, conveying said property to him free and clear of all incumbrance, except the unpaid balance of said monthly installment note. The contract specially provided that: "Time is the essence of this contract, and upon default by the buyer in the payment of any sum, of one or more installments, when due, the seller may at his option declare the entire balance of the purchase price due and collectable, or he may elect to rescind this contract to sell and convey said land and take possession thereof at his option."

The contract was duly signed by L. Kertz as seller and Gambrell as buyer, but it was neither acknowledged nor recorded. Gambrell and wife, however, immediately thereafter built a house upon the lot, moved therein, and it has at all times since constituted their homestead.

Later, on the 28th day of April, 1926, L. Kertz and wife, Cecelia Kertz, duly executed and acknowledged a warranty deed with a reservation of a vendor's lien to secure the payment of a purchase-money note given by the Gambrells in the sum of $710. This deed was duly recorded on May 5, 1926.

The trial was before the court without a jury and resulted in a judgment which, among other things not necessary to notice, denied the plaintiff Whitham & Co. any personal judgment against the defendant L. Kertz, the judgment in other respects disposing of the relative rights of the parties not brought in review. From the judgment so rendered, Whitham & Co. have duly prosecuted this appeal.

No briefs have been filed by the parties other than L. E. Whitham & Co., and it is stated in its brief that "this entire appeal will involve and be based solely upon the right of appellants to a personal judgment against appellee L. Kertz. * * *"

We find nothing in the record to justify the

348

judgment of the trial court denying appellant the right of a personal judgment against L. Kertz, as pleaded by it. It was alleged, and the undisputed proof shows, that L. Kertz was the record owner of the lot in question at the date of the enactment of the improvement ordinance of the city of Wichita Falls on the 8th day of March, 1926, and the prerequisite of notice to him of the ordinance and special assessment levied thereby is conclusively shown by the evidence as well as by the effect to be given to the recitations in the improvement certificate that the proceedings with reference to making the improvements had been regularly had in compliance with law, and that all prerequisites to the fixing of the assessment lien against the property described in said certificate, and fixing the personal liability of the owner have been performed. The statute declared that a certificate reciting such facts shall be prima facie evidence of the truth of the facts recited, and the record discloses no evidence even tending to show that Kertz was not given due notice of the passing of the ordinance and of the assessment in question. See Article 1090, Rev. Civ. Statutes; Marriott v. Corder (Tex. Civ. App.) 4 S.W.(2d) 213, writ refused.

The judgment of the trial court was evidently based on the theory that L. Kertz was not the owner, in view of the fact that he had contracted with Gambrell to sell to him the lot in 1925, prior to the enactment of the ordinance and the assessment levied, as shown in our statement of the evidence. So that we have only to determine whether or not he was, within the contemplation of the law, such owner upon the 8th day of March, 1926. In the case of Highland v. City of Galveston, 54 Tex. 527, it was held by our Supreme Court that the cost of improving a sidewalk attaches to the lot in the possession of any party having an interest therein. In 6 Words and Phrases, First Series, p. 5135, we find a number of definitions of the term "owner." We quote but one, to wit: "By statute the term 'owner,' with respect to condemnation proceedings, is defined to mean all persons having any interest, estate, or easement in the property to be taken, or any lien, charge, or incumbrance thereon, citing In re Opening of Oneida St., 22 Misc. Rep. 235, 49 N. Y. S. 828."

And the question would seem to be concluded by the recent decision of our Commission of Appeals, Section B, in the case of Nalle v. Eaves, 5 S.W.(2d) 500, 501. In that opinion, Judge Leddy had this to say: "It has been repeatedly held that the word 'owners,' when used in special assessment, eminent domain, or condemnation statutes, embraces the holders of every kind of lien, claim, or equity in the property involved," citing in support thereof numerous cases.

The contract of sale to J. L. Gambrell on the 27th day of June, 1925, did not divest the title of Kertz. Not only by our decisions but by the terms of the contract itself the legal title was reserved in Kertz to secure the payment of the purchase money in accordance with the terms of the contract. So that we think it must be held that the court erred in refusing to enter a personal judgment against L. Kertz, and in that respect the judgment must be reversed, and here reformed and rendered in favor of appellant against L. Kertz for the amount shown to be due upon the improvement certificate declared upon, to wit, $376.44, with interest thereon at the legal rate from the date of the judgment below. The judgment in all other respects is left undisturbed.