### TIPPS v. FULLER CONST. CO.
#### No. 2753.

Court of Civil Appeals of Texas. El Paso. Dec. 22, 1932.

Rehearing Denied Jan. 12, 1933.

John J. Fagan, of Dallas, for appellant.

H. B. Sanders and Knox W. Sherrill, both of Dallas, for appellee.

WALTHALL, J.

The city of Dallas, Tex., as plaintiff, suing for the use and benefit of the Fuller Construction Company, a corporation, brought this suit against E. W. Phillips and wife, Mrs. E. W. Phillips, George T. Tipps, H. R. Kooser and Jake Tipps, defendants. The suit is based on a paving certificate of special assessment issued by the city of Dallas, of date 4th day of January, 1927; the certificate was issued to the Fuller Construction Company and its assigns for the pro rata part of the cost of paving Allen street in the city of Dallas, assessed against defendants E. W. Phillips and George T. Tipps; the certificate conforms to the provisions of article 1090 of the Revised Civil Statutes.

Plaintiff asks judgment for its claim, interest, attorney's fees, and foreclosure of its assessment lien, and that the proceeds be applied to plaintiff's claim, and for a deficiency judgment.

The Fuller Construction Company intervened and adopted the allegations of the city's petition, alleged its ownership of the certificate, claim, and indebtedness, and its right to enforce and collect same.

Without stating the pleadings of the parties more than to say that the issues joined involved the validity of a paving assessment lien on the real property described in the pleadings, and situate on Allen street in the city of Dallas, and the priority of said paving assessment lien over a prior recorded vendor's lien and deed of trust lien on the same property.

The pertinent facts are undisputed and are substantially as follows:

(1) Defendant Kooser owned a $2,500 note secured by a vendor's lien and a deed of trust lien on said property, such note and liens are of date July 25, 1923, and were recorded and existed on July 20, 1925. (2) On and prior to July 20, 1925, the property in question belonged to defendant George T. Tipps, encumbered with the above stated $2,500 liens. (3) On July 20, 1925, the city of Dallas in due and regular form, and as provided by its charter, passed a paving resolution ordering the paving of Allen street in the city abutting on the property involved here. (4) On July 1, 1927, the city of Dallas, in due and regular form passed an ordinance levying an assessment of $936.94 against this real estate for paving that portion of Allen street abutting said property, and by the terms of said ordinance fixed a paving lien on said property to secure the assessment, and, in conformity with the Dallas City Charter section 1, article 10, provided that the paving lien should revert back and take effect as of date of the original resolution ordering the paving. (5) On July 20, 1925, George T. Tipps, the then record owner of the property, was a single man and no homestead right on the property existed. (6) Subsequent to the above, the vendor's lien and the deed of trust lien were foreclosed, and, at the foreclosure sale, Jake Tipps was the purchaser of the real property involved.

The suit as to Kooser was dismissed and judgment entered that the city of Dallas take nothing by its suit. A personal judgment was entered in favor of intervener, Fuller Construction Company, against E. W. Phillips for the amount of the debt sued for, interest, and attorney's fee, stating same, from which no appeal is prosecuted. Judgment was entered foreclosing the assessment lien on the property as it existed on the 20th day of July, 1925, as to George T. Tipps, E. W. Phillips and wife, and Jake Tipps, for the satisfaction of said judgment. Jake Tipps prosecutes this appeal.

### Opinion.

Appellant submits several assignments of error. They present only two matters we think we need to discuss.

Appellant submits, in substance, that the trial court was in error in holding that the resolution passed by the city of Dallas on the 20th day of July, 1925, ordering the improvement of Allen street in the city by paving said street abutting the property in controversy, and the subsequent ordinance of the city of Dallas on July 1, 1927, levying and assessing said property abutting on said street, thereby fixed a paving lien on said property, and that said assessment lien so created and fixed on said property took precedence over and was a prior lien to the vendor's lien and deed of trust lien theretofore created and in effect prior to said resolution and ordinance. Appellant specially insists that the holding of the trial court was error in view of the fact that, subsequent to said resolution but prior to the ordinance and prior to and at the time of the paving of said street, the property was then the homestead of E. W. Phillips and wife.

The questions presented in the assignments have been fully discussed and decided by the Supreme Court in cases identical with the facts involved here. Claxton v. Brandon et al. (Tex. Sup.) 47 S.W.(2d) 263; Anderson et al. v. Brandon et al. (Tex. Sup.) 47 S.W.(2d) 261; Nalle et al. v. Eaves et al. (Tex. Com. App.) 5 S.W.(2d) 500; Smith Bros., Inc., v. Lucas et al., 26 S.W.(2d) 1055, 1056.

Similar questions were before this court in West Texas Construction Company v. Mrs. Murrell Adams et al., 54 S.W.(2d) 547.

On the question of the priority of the liens, under article 1090, Revised Civil Statutes, the case of Nalle v. Eaves, supra, and L. E. Whitham & Co. v. Gambrell et al. (Tex. Civ. App.) 48 S.W.(2d) 347, we think conclusively settles the question in appellee's favor.

The case is affirmed.