STATE of Texas ex rel. P. V. HOWARD,
Appellants,

v.

CITY OF WICHITA FALLS, Appellee.

No. 17190.

Court of Civil Appeals of Texas,
Fort Worth.

April 9, 1971.

Rehearing Denied May 7, 1971.

Douthitt & Mitchell, and Frank J. Douthitt, County Atty., of Clay County, Henrietta, for appellants.

H. P. Hodge, Jr., City Atty., Wichita Falls, for appellee.

OPINION

MASSEY, Chief Justice.

The question determinative of the case presented on appeal is whether its possession of the easement for pipeline purposes entitled the City of Wichita Falls, Texas to annex territory outside its territorial jurisdiction.

The Municipal Annexation Act, Vernon's Ann.Tex.Civ.St. Art. 970a, Sec. 7, subd. A, reads as follows: "A city may annex territory only within the confines of its extraterritorial jurisdiction; provided, however, that such limitation shall not apply to the annexation of property owned by the city annexing the same."

Approximately nine miles from Wichita Falls, in neighboring Clay County, lies Lake Arrowhead. The lake area is proper-

ty owned in fee simple by the aforesaid City as a water supply facility. This it desires to control not only pursuant to its title but in that governmental capacity incident to annexation.

Some portions of the land lying along the pipeline conduit connecting the lake to the City are owned in fee simple; but the title to the surface is not continuous and connecting, and the greater portion of the conduit lies under land surface to which individuals hold title with the City possessed of the requisite easement.

We need not discuss the matter of the City's right to annex Lake Arrowhead, which it owns. That property and area would not be contiguous unless the City could lawfully annex the intervening property as to which its easement right(s) pertain. If not contiguous there would be no right of annexation.

■ The term "property owned by the city", to be noted in that part of the Municipal Annexation Act (Art. 970a) which we have copied, depends for its significance upon the connection in which used. The term is not technical and is to be liberally construed. The precise meaning depends upon the nature and context of the subject matter and connection in which such term is used.

Even with due liberal construction accorded the term, as it appears in the Act and as applied to the instant case, we are of the opinion and therefore hold that the easement(s) of the City of Wichita Falls are not such as would permit this court to accord "ownership" thereof to that City within the contemplation of Section 7, subd. A, of Art. 970a. Therefore, since one or more of the land parcels lying without Wichita Falls' extraterritorial jurisdiction, in and under which the City holds easement rights, are "owned" by individuals who hold fee title to the surface, that City may not prevail in a suit in *quo war-*

*ranto* brought by the State to test validity of annexation.

The judgment of the trial court was to the contrary, hence must be reversed.

There is not to be found in the Annexation Act any definition of the term "owner", "owned by", etc. Neither has there been any holding, insofar as we have discovered, to the effect that as applied to annexation statutes the term "owners" embraces the holders of easements. In L. E. Whitham & Co. v. Gambrell, 48 S.W.2d 347 (Fort Worth Tex.Civ.App., 1932, no writ history) the question was related to paving and improvement certificates issued under an ordinance of the City of Wichita Falls. Upon authority of the holding in Nalle v. Eaves, 5 S.W.2d 500 (Tex.Com. App.1928) it was demonstrated that the word "owners", when used in special assessment, eminent domain, or condemnation statutes, embraces the holders of every kind of lien, claim, or equity in the property involved. Hence, in *Whitham*, our holding was that the holder of a contractual right to conveyance of the assessed property was to be accorded rights of an "owner".

Even without reference to the discussion in the opinions the rationale of these holdings is readily apparent. However, such rationale would not have application so as to make a mere easement right into land ownership as applied to a question of right to effect municipal annexation under our current statutes.

In arriving at our conclusion and holding we have found aid in 28 C.J.S. Easements beginning at page 616; Annotations in Words & Phrases, "owned", "user" (under "owner"); 25 Am.Jur.2d, p. 411, the Chapter on "Easements and Licenses"; 21 Tex.Jur.2d, p. 121, the Chapter on "Easements"; and the case of Harrison v. Boring, 44 Tex. 255, 267 (1875).

Judgment of the trial court is reversed and judgment is rendered declaring to be

void, and setting aside and holding to be wholly without force and effect as an annexation ordinance, that ordinance of the City of Wichita Falls, Texas denominated Ordinance No. 2564.