KNAPP *v.* ALEXANDER–EDGAR LUMBER COMPANY.

ERROR TO THE 'CIRCUIT COURT OF BAYFIELD COUNTY, STATE OF WISCONSIN.

No. 139. Submitted January 18, 1915.—Decided April 5, 1915.

An entryman's interest prior to actual possession is more than mere color of title. From the time of the entry the homesteader has the right of possession as against trespassers and all others except the United States.

The title of a homesteader, while inchoate, is subject to be defeated only by his failure to comply with the requirements of the statute, and so long as he complies therewith he has an inceptive title sufficient as against third parties to support suits in equity or at law.

A homesteader has a preferential right to the land, and when he receives a patent vesting in him the complete legal title it relates back to the date of the initiatory act so as to cut off intervening claimants.

Under special circumstances such as are present in this case, a homesteader may maintain an action for trespass against one cutting timber on the land entered and recover from the wrongdoer and retain for his own use the value of that which has been taken notwithstanding the trespasser has settled with the Government and paid an amount in satisfaction for the timber taken.

Although, until patent issues, the land entered is under the control of the Land Department, the power of that Department is not unlimited or arbitrary and cannot be exercised without notice to the homesteader and opportunity to be heard; and it is open to the homesteader to seek redress in the courts for wrong done to his interests by an unwarranted compromise.

In this case the facts do not show knowledge on the homesteader's part of the facts sufficient to charge him with ratification, and *quære* whether ratification can be inferred from a mere demand on his part without benefits accruing to him as the result thereof.

*Quære* as to the right of the trespasser against whom judgment is rendered in such a case to require from the homesteader an assignment of his claim against the Government for the amount collected by it in settlement of the trespass.

Judgment based on 145 Wisconsin, 528, reversed.

THE facts, which involve the rights of a homestead after entry and before patent as against trespassers, are stated in the opinion.

*Mr. H. H. Grace, Mr. Geo. B. Hudnall* and *Mr. C. R. Fridley* for plaintiff in error.

*Mr. C. B. Bird, Mr. M. B. Rosenberry, Mr. A. L. Kreutzer* and *Mr. J. J. Okoneski* for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

This action was brought in the Circuit Court of Bayfield County, Wisconsin, by plaintiff in error, to recover damages for timber cut and removed from his land and converted into lumber by defendant. The Circuit Court rendered judgment for plaintiff, but the Supreme Court of the State reversed this (145 Wisconsin, 528), and re-

manded the cause with directions to enter judgment in favor of defendant, and this having been done, the case comes here upon questions concerning the nature of an entryman's title under the homestead laws of the United States. Rev. Stat., U. S., §§ 2289, *et seq.*

The facts as found by the trial court, whose findings were adopted by the Supreme Court, are as follows: Prior to February 20, 1902, the land in question, being a tract of 160 acres situate in Bayfield County, Wisconsin, was public land subject to homestead entry under the laws of the United States. On the date mentioned, pursuant to § 2289 *et seq.*, plaintiff duly made application for a homestead entry of this land at the local land office, filed the proper affidavit, paid the Register and Receiver's fees, and obtained a certificate of the entry and a Receiver's receipt. On February 26 he made and filed the non-saline affidavit required by law. On April 5 he went upon the land temporarily, found employés of defendant cutting timber thereon, and forbade their cutting any more. On July 1, and within six months after the making of the entry, he established his actual residence in a house upon the land, and resided upon and cultivated the land continuously thereafter, in accordance with the laws of the United States, for a term of five years. On August 5, 1907, he made his final proof, and a Receiver's final receipt was issued to him. On January 22, 1908, he received a patent, and ever since then has been the owner of the land in fee. On and between March 20 and April 7, 1902, defendant by its agents entered upon the land and cut and removed therefrom, willfully, unlawfully, and without authority, 49,190 feet of pine timber. Thereafter a special agent of the United States investigated the trespass, and reported the amount thereof to the Secretary of the Interior, together with a proposition of settlement made by defendant after the trespass had been estimated, and accompanied by a certified check for $320.14. Upon the

basis of this report, which stated that the trespass was unintentional, the Secretary of the Interior in July, 1903, treating the amount offered as the measure of damages due to the Government under the ruling in *Wooden-Ware Co.* v. *United States*, 106 U. S. 432, accepted the proposition of settlement, and the money was deposited in the treasury of the United States as received "on account of depredations upon the public timber." There is nothing in the pleadings or findings to show that plaintiff was a party to this settlement, or had any notice of it, although his entry was then, and had been at the time the timber was cut, in full force. After he received his patent, he demanded said sum of $320.14 from the Government, but the demand was refused. In fact, the cutting of the 49,190 feet of pine timber from the land in question by defendant was not done by mistake, and defendant did not at or before the time of the service of its answer in the action serve upon plaintiff an affidavit that the cutting was done by mistake, or offer to submit to judgment in any sum, as provided by § 4269, Wisconsin Stats. 1898. The stumpage value of the timber was $5 per thousand; its highest market value before the trial and while in possession of defendant was $12 per thousand; and upon the latter basis the trial judge gave judgment in favor of the plaintiff for $714.87, which included interest from the date of the patent; the court holding that defendant's settlement with the Government was of no effect as against plaintiff.

Section 4269, Wisconsin Stats. 1898, provides: "In all actions to recover the possession or value of logs, timber or lumber wrongfully cut upon the land of the plaintiff, or to recover damages for such trespass the highest market value of such logs, timber or lumber, in whatsoever place, shape or condition, manufactured or unmanufactured, the same shall have been, at any time before the trial, while in the possession of the trespasser or any purchaser from

him with notice, shall be found or awarded to the plaintiff, if he succeed, except as in this section provided." The other provisions here referred to cover cases where the cutting was done by mistake or under *bona fide* claim of title. In view of the findings, they have no bearing upon the present case.

The Supreme Court held that since at the time of the cutting the plaintiff was not in actual possession of the land, his right of action, as in trespass *quare clausum fregit*, must depend upon constructive possession, to be established by showing a good title; that notwithstanding plaintiff's homestead entry, there was, for timber cutting prior to the time of his actual entry into possession of the land, only a single right of action, and this was for the benefit of the United States as legal owner, to the exclusion of the entryman; and that, consequently, the settlement between defendant and the Government was a complete defense to plaintiff's action. The court seems to have regarded the entryman, prior to the taking of actual possession, as having no more than color of title, and, while recognizing that the equitable doctrine of relation is applicable also to proceedings at law, held that this had no effect as against the claim of the United States, and when this was satisfied all claim for damages by reason of the timber cutting became extinguished, and the issuance of a patent could not revive it.

Laying aside for the moment the effect of the settlement, it is, we think, erroneous to regard the entryman's interest, prior to actual possession as being nothing more than a color of title. From the making of his entry the homesteader has the right of possession as against trespassers and all others except the United States; he has also an inchoate title, subject to be defeated only by failure on his part to comply with the requirements of the homestead law as to settlement and cultivation. So long as he complies with these laws in the course of earning a complete

right to the lands as against the Government he has a substantial inceptive title, sufficient as against third parties to support suits in equity or at law. *United States* v. *Buchanan,* 232 U. S. 72, 76, 77; *Gauthier* v. *Morrison,* 232 U. S. 452, 460–462; and cases cited.

The homesteader has a preferential right to the land, and in order to give effect to this according to the spirit of the laws it must be and is held that when he has fulfilled the conditions imposed upon him and receives a patent vesting in him the complete legal title, this title relates back to the date of the initiatory act, so as to cut off intervening claimants. *Shepley* v. *Cowan,* 91 U. S. 330, 337, 338; *Landes* v. *Brant,* 10 How. 348, 372; *Lessee of French* v. *Spencer,* 21 How. 228, 240; *Beard* v. *Federy,* 3 Wall. 478, 491; *Grisar* v. *McDowell,* 6 Wall. 363, 380; *Stark* v. *Starrs,* 6 Wall. 402, 418; *Lynch* v. *Bernal,* 9 Wall. 315, 325; *Gibson* v. *Chouteau,* 13 Wall. 92, 101; *United States* v. *Anderson,* 194 U. S. 394, 398; *United States* v. *Detroit Lumber Co.,* 200 U. S. 321, 334, 335. In *Gibson* v. *Chouteau,* 13 Wall. 92, 100, the court, by Mr. Justice Field, said: "By the doctrine of relation is meant that principle by which an act done at one time is considered by a fiction of law to have been done at some antecedent period. It is usually applied where several proceedings are essential to complete a particular transaction, such as a conveyance or deed. The last proceeding which consummates the conveyance is held for certain purposes to take effect by relation as of the day when the first proceeding was had." The present question was very fully considered by the Circuit Court of Appeals for the Eighth Circuit in *Peyton* v. *Desmond,* 129 Fed. Rep. 1, 11, 13. In that case timber was severed from the land after the initiation and during the maintenance of plaintiff's homestead claim, and an action brought after patent issued was sustained, the court saying: "It does not comport with the spirit of the homestead law to say that, after the initiation

and partial perfection of a homestead claim, some third person may rob the land of a substantial part of that which gives it value, and that, on full compliance with the law by the homestead claimant, the government may convey to him that which is left of the land, and may recover from the wrongdoer, and retain to its own use, the value of that which has been unlawfully taken from the land through no fault or wrongful act of the homestead claimant."

Is the case altered by the fact that after the trespass, and before plaintiff received the patent, defendant settled with the representatives of the Government and paid an amount agreed upon as a satisfaction of the Government's claim? In considering this question it is essential to bear in mind that the trespass was in fact willful, and not attributable to mistake; that at the time of the trespass defendant had constructive if not actual notice of plaintiff's homestead entry; that when it made the settlement with the Government over a year later, plaintiff was in possession of the land as a homestead settler and defendant had actual notice of his rights; that the compromise was made without notice to him, and was voluntarily made upon the basis of a report of a special agent to the effect that the trespass was unintentional, when defendant knew the fact to be otherwise; and that whether the trespass was unintentional or willful had a most material bearing upon the amount of damages recoverable, as well upon general principles (*Wooden-Ware Co.* v. *United States*, 106 U. S. 432) as under § 4269, Wisconsin Stat. What would have been the effect of a compromise made with the consent of plaintiff or after notice to him and an opportunity for a hearing, we do not need to say, for no such question is presented. But we think it follows from principles well established that defendant cannot set up the settlement made under the circumstances here disclosed and without notice to plaintiff, holder of an inceptive title to the land. Although until patent issues the homestead is under the

control of the Land Department, which may for sufficient reasons even cancel the entry, yet this power is not unlimited or arbitrary, nor can it be exercised without notice to the homesteader with opportunity for a hearing. *Cornelius* v. *Kessel*, 128 U. S. 456, 461; *Barden* v. *Northern Pacific R. R.*, 154 U. S. 288, 326; *Michigan Land Co.* v. *Rust*, 168 U. S. 589, 592; *Guaranty Savings Bank* v. *Bladow*, 176 U. S. 448, 453, 454; *Hawley* v. *Diller*, 178 U. S. 476, 489; *Thayer* v. *Spratt*, 189 U. S. 346, 351; *United States* v. *Detroit Lumber Co.*, 200 U. S. 321, 338. We think there is no difference in principle that will uphold as against the entryman a release or compromise by the Land Department, without notice to him, of a substantial right of action against a trespasser, to the benefits of which the entryman is entitled. Therefore, when the patent has issued and the jurisdiction of the officers of the Land Department is thus terminated, we think it is open to the homesteader to seek redress in the courts for wrongs done to his interest by such an unwarranted compromise, as for other legal errors committed in the course of administration. *Moore* v. *Robbins*, 96 U. S. 530, 533; *United States* v. *Schurz*, 102 U. S. 378, 396 *et seq.; Smelting Co.* v. *Kemp*, 104 U. S. 636, 640, 645; *Michigan Land Co.* v. *Rust*, 168 U. S. 589, 592; *Brown* v. *Hitchcock*, 173 U. S. 473, 478; *Guaranty Savings Bank* v. *Bladow*, 176 U. S. 448, 454. And where, as here, the departmental action complained of has substantially impaired the value of the homestead entry, and has been taken wholly without notice to the entryman, it constitutes no bar to judicial proceedings otherwise properly maintainable by him against the trespasser after receipt of his patent.

It is no answer to say that the legal right of action for a trespass to unoccupied lands resides in the owner of the legal title as being constructively in possession. Defendant did not pay the Government under compulsion of a suit or judgment in trespass, but, for reasons of its

own, voluntarily undertook to compromise the matter. In doing this, it could not properly rely upon restrictions peculiar to the action of trespass, but must take account of pertinent legal rights and obligations, however arising. Hence it was bound at its peril to recognize the beneficial nature of the homesteader's interest, at least to the extent of seeing that his rights were not cut off without notice. Defendant knew, when it made the compromise, or with proper inquiry would have known, that plaintiff was in possession under a homestead entry that antedated the trespass; that his patent, if and when issued, would relate back to the time of his entry; and that the officials of the Land Department could not lawfully take action substantially impairing the value of his entry, without notice to him and an opportunity to be heard. It results, in our opinion, that a voluntary compromise made with those officials without notice to the homesteader, and upon a basis that, as defendant knew, did not afford full legal compensation for the injury done, cannot be invoked by defendant to his detriment.

To the suggestion that plaintiff has ratified the compromise, because, after he received his patent, he unsuccessfully demanded from the Government the sum of $320.14, received by it in settlement from defendant, it is sufficient to say that it is not found that he did this with full knowledge of the facts. Whether ratification could be inferred from plaintiff's mere demand, without benefit accruing to him as the result of it, we do not stop to consider.

We therefore hold that the Supreme Court of Wisconsin erred in denying a recovery to plaintiff, whether because of the incomplete nature of his title and his want of possession at the time of the trespass, or because of the settlement afterwards made between the Government and defendant.

We are not called upon to consider whether plaintiff

could recover from the United States by a suit in the Court of Claims the amount received from defendant in the compromise (*United States* v. *Jones,* 131 U. S. 1; *United States* v. *Anderson,* 194 U. S. 394), because upon the facts as found plaintiff is entitled to recover a larger amount and upon a different basis of fact from that which controlled in the compromise; and defendant as the wrong-doer cannot put upon plaintiff the burden of prosecuting two actions to recover compensation for a single wrong. Our decision, however, is without prejudice to action by the Wisconsin courts requiring that plaintiff, upon obtaining judgment against defendant in accordance with the principles above declared, and as a condition to payment of that judgment by defendant, shall assign to defendant his claim against the Government, or, upon being properly indemnified, shall agree to permit defendant to use his name in proceedings to recover the money. We intend no intimation respecting the effect, if any, of § 3477, Rev. Stat., upon such an assignment.

*Judgment reversed, and the cause remanded for further proceedings not inconsistent with this opinion.*