### BRANDON et al. v. CLAXTON et al. *
### No. 10453.

Court of Civil Appeals of Texas. Dallas.
June 26, 1930.

Rehearing Denied July 26, 1930.

W. H. Graham, of Houston, for plaintiffs in error.

Geo. T. Burgess and John C. Read, both of Dallas, for defendants in error.

LOONEY, J.

Plaintiffs in error and defendants in error will be referred to as plaintiffs and defendants, respectively. Plaintiffs, as assignees of the Fuller Construction Company, sued O. G. Claxton for debt on a paving certificate issued by the city of Dallas to the Construction Company as contractor for street improvement, and to foreclose, as to all defendants, the lien authorized by the charter of the city, also a mechanic's lien given by Claxton and wife to the contractor for the improvement. Foreclosure was sought against Claxton, as maker of the mechanic's lien contract and as owner, at the time the assessing ordinance was passed by the city, against the Lingo Lumber Company, holder of a prior vendor's lien note against the land, against Davies Construction Company, holder of a subsequent vendor's lien, and against J. C. McElyea, subsequent purchaser and then owner of the property.

Plaintiffs asserted superiority of their liens over the title, liens, and claims of defendants, all of which was denied by defendants, and in a cross-action they sought cancellation of plaintiffs' alleged liens and the removal of same as a cloud on their rights, title, and claims. On trial, plaintiffs were given personal judgment against Claxton for debt on the certificate, but was denied foreclosure, and his alleged lien was canceled.

We do not deem it necessary to follow the different steps, nor to mention the different things leading up to the passage of the assessing ordinance and the issuance of the paving certificate by the city; suffice it to say, they were all regular and in proper sequence. Neither are we called upon to give attention to the rights of plaintiffs, if any, arising under the mechanic's lien contract, because that phase of the case has not been presented for review; the sole question presented is whether the lien fixed by the assessing ordinance enacted June 24, 1925, at a time when the property was claimed, used, and occupied by Claxton as a homestead, related back to and became effective on July 18, 1924, the date of the original resolution adopted by the city ordering the street improvement, at which time the Davies Construction Company, a corporation, was owner of the lot, then incumbered

with a vendor's lien for $2,000 held by the Lingo Lumber Company. Subsequent to the passage of the original resolution ordering the improvement, January 6, 1925, Davies Construction Company conveyed the property to Claxton, in consideration of $50 cash, the assumption of the note for $2,000 held by Lingo Lumber Company, and the execution of a note for $1,550, payable in installments to the grantor. Claxton failed to pay the installments as contracted, and the property was sold under a trust deed on April 6, 1926, and was purchased by the Davies Construction Company. Afterwards, on May 6, 1926, the construction company conveyed the property to McElyea, in consideration of the assumption of the $2,000 note held by Lingo Lumber Company, a note to grantor for $1,-920, and the payment of $30 in cash. This was the status when the suit was filed.

█ Defendants contend that the provision of the charter of the city of Dallas, under which the lien for paving assessments was caused to revert back and take effect as of the date of the passage of the original resolution ordering street improvement is violative of the Constitution, and therefore void; that said lien was not effective until the passage of the ordinance levying the paving assessment, and, as the property was at that time the homestead of Claxton, the lien was inferior to his homestead rights, as well as to the vendor's liens, held, respectively, by Lingo Lumber Company and Davies Construction Company, as well as to the title of McElyea.

The pertinent provisions of the charter of the city of Dallas are these: "When the hearing above mentioned has been concluded, the Board of Commissioners shall, by ordinance, assess against the several owners of property and against their property abutting upon the * * * highways ordered to be improved such proportionate part of the costs of such improvement as by said Board may have been adjudged against said respective owners and their property. Said ordinance shall fix a lien upon such property and declare the respective owners thereof to be personally liable for the respective amounts to be assessed. * * * The cost of any improvement assessed against any property or owner thereof, together with all costs and reasonable expense in collecting the same, shall constitute a personal claim against such property owner, and shall be secured by a lien on such property, superior to all other liens, claims or titles, except city, county and state taxes. * * * The lien of such assessment shall revert back and take effect as of the date of the original resolution ordering the improvement, and the passage of such resolution shall operate as notice of such lien to all persons." Article 10, § 1, subd. (i), of the charter.

In Smith Brothers v. Lucas, 15 S.W.(2d) 27, we construed and held constitutionally valid the identical provision of the charter of the city of Dallas brought under review in this case. Without repetition, we refer to what we said touching the constitutionality of the "relating back" provision of the charter. See pages 31, 32. We held then and hold now that the effective date of the paving lien was the date of the passage of the original resolution ordering the street improvement. See pages 28, 31.

The principle underlying the rule that gives priority to improvement liens over existing liens and claims has repeatedly met the approval of our appellate courts. See Storrie v. Houston, etc., Co., 92 Tex. 129, 46 S. W. 796, 44 L. R. A. 716; Farmers' State Bank of Burkburnett v. McReynolds (Tex. Civ. App.) 1 S.W.(2d) 322; Nalle et al. v. Eaves et al. (Tex. Com. App.) 5 S.W.(2d) 500.

The reverting back provision of the charter reads: "The lien of such assessment shall revert back and take effect as of the date of the original resolution ordering the improvement, and the passage of such resolution shall operate as notice of such lien to all persons. * * *"

The purpose to be subserved by this "relating back" provision is one of notice to those subsequently dealing with the properties, to the effect that, on completion and acceptance of the improvements by proper authorities, personal liability for the costs will be assessed against whoever at that time may be owner of the property, and that a lien to secure payment of the assessment will be fixed on the property improved and made to relate back to and attach as of the date of the original resolution.

In some jurisdictions similar contracts for public improvement have been given that meaning, even in the absence of a "relating back" provision, such as we have here. Hester v. Thompson, Collector of Taxes of Brockton, 217 Mass. 422, 105 N. E. 631, Gomeringer v. McAbee, 129 Md. 557, 99 A. 787. The doctrine of relation, whether by enactment, as in the charter of Dallas, or by implication, as in the cases cited, is employed only when necessary to prevent injustice that may result from happenings between the real and fictitious dates of the major event.

█ The doctrine was defined by the Supreme Court of the United States, in Gibson v. Chouteau, 13 Wall. 92, 100, 20 L. Ed. 534, 537, as follows: "By the doctrine of relation is meant that principle by which an act done at one time is considered by a fiction of law to have been done at some antecedent period. It is usually applied where several proceedings are essential to complete a particular transaction, such as a conveyance or deed. The last proceeding which consummates the conveyance is held for certain purposes to take effect by relation as of the day when the first proceeding was had."

In Peyton v. Desmond, 129 F. 1, 11–13, Judge Van Devanter, for the Circuit Court of

Appeals, after stating that the doctrine of relation was of equitable origin, invoked to promote justice and give effect to the lawful intention of parties, at page 13, said: "The principles underlying and supporting the doctrine of relation are such that it 'may be as readily invoked to remedy or correct a loss such as is here disclosed, occurring while the' claim was being perfected, as to prevent the loss of the entire right or title through an intervening claim." Also see Krakow v. Wille, 125 Wis. 284, 103 N. W. 1121, 1123, 4 Ann. Cas. 1016; Canfield v. Jack, 78 Okl. 127, 188 P. 1040, 1043; Knapp v. Alexander, 237 U. S. 162, 35 S. Ct. 515, 59 L. Ed. 894, 898.

Unless it be understood at the outset that the homestead status of property to be improved will be maintained the same as of the date of the passage of the resolution ordering improvement, so as to admit of the imposition of a lien for the cost when 'completed, city authorities will be greatly hampered, if not entirely defeated, in launching paving enterprises, for, without assurance that legal liens can and will be fixed on property as security, prudent contractors are not 'likely to enter contracts or undertake the work.

This provision of the charter, in our opinion, is not only necessary, but reasonable and just, in that the property to be improved will be enhanced in value, equal at least to the amount of the assessment, and whatever intervening changes in the use or status of the property that takes place will be with full notice that the cost of the contemplated improvements will be assessed as a lien thereon; so, in contemplation of law, no one can be taken unawares or financially injured.

This case is a companion to John R. Brandon et al., Plaintiffs in Error, v. M. E. Anderson et al., Defendants in error, 30 S.W.(2d) 676, this day decided by this court, and reference is also made to the discussion and citation of authorities in that case.

The personal judgment rendered by the court below for plaintiffs against Claxton is affirmed, but in all other respects is reversed, and judgment here rendered for plaintiffs against all defendants, foreclosing their paving lien on the real estate involved.

Affirmed in part; reversed and rendered in part.