# MARCH, 1932

## O. G. CLAXTON ET AL. V. JOHN R. BRANDON ET AL.

No. 5820. Decided March 2, 1932.
(47 S. W., 2d Series, 263.)

*Geo. F. Burgess* and *John C. Read,* both of Dallas, for plaintiffs in error.

The provision in the City Charter providing that the lien securing the paving assessment should become fixed and take effect as of the date of the passage of the resolution ordering the street paved, is unconstitutional and void as being contrary to the provisions of the Constitution of the State of Texas. State Trust Co. v. Morrison, 282 S. W., 214; Creosote Wood Block Paving Co. v. McKay, 211 S. W., 822; title 115, chapters 1 to 5 inclusive, articles 6591 to 6662, Vernon's Annotated Texas Civil Statutes; article 1011 of the Revised Statutes, 1925; Altgelt v. Gutzeit, 109 Texas, 123; King v. State, 289 S. W., 69; Vincent v. State, 235 S. W., 1084; Smith Bros. v. Lucas, 15 S. W. (2d), 27; Constitution of Texas, art. 16, sec 50, art. 11, sec. 5, art. 3, sec. 56.

*W. H. Graham,* of Houston, for defendants in error.

It affirmatively appearing that on July 18, 1924, when the City of Dallas passed the original resolution ordering the improvement in front of the property involved in this suit, Davies Construction Company, a corporation, was the owner of the property involved in this suit, the assessing ordinance passed by the city on June 24, 1925, created a valid lien on said property superior to all other liens except liens for ad valorem taxes,

and plaintiffs in error being the owner of said obligation and lien at the time of the filing of this suit and at the trial thereof, were entitled to judgment foreclosing such statutory superior lien as against the defendants in error, in view of the provisions of the last clause of section (i), article 10, of the Dallas City Charter. Storrie v. Houston City Street Ry. Co., 92 Texas, 129, 46 S. W., 796; Farmers State Bank of Burkburnett v. McReynolds, 1 S. W. (2d) 322, and cases cited; Nalle v. Eaves, 5 S. W. (2d) 500, and cases cited; Smith Brothers v. Lucas, 15 S. W. (2d) 27.

MR. JUSTICE PIERSON delivered the opinion of the court.

This suit involves the validity of a paving lien on certain real property in the City of Dallas, Dallas county, Texas. The pertinent facts are undisputed, and are as follows:

On and prior to July 18, 1924, this property belonged to Davies Construction Company, a corporation, encumbered with a lien for $2,000, held by Lingo Lumber Company, also a corporation. On January 6, 1925, Davies Construction Company conveyed the property to O. G. Claxton, who assumed the above mentioned $2,000 indebtedness and lien, and executed a further note for $1,550, payable to Davies Construction Company. This latter note was secured by a vendor's lien and deed of trust on the property in question. Later, on April 6, 1926, the Davies Construction Company again sold the property to J. C. McElyea, who assumed the $2,000 note above mentioned, and executed a further note for $1,920, payable to Davies Construction Company.

On July 18, 1924, while, as above shown, the property belonged to Davies Construction Company, the City of Dallas, in due and regular form, and as provided for by its charter, passed a resolution ordering the street abutting on this property paved. Later, on June 24, 1925, the City of Dallas, in due and regular form, passed an ordinance levying an assessment of $292.42 against this property for paving said abutting street. This ordinance, by its terms, fixed a paving lien on the property to secure this assessment, and, in conformity with the provisions of section 1, article 10, of the Dallas city charter, provided that the paving lien should revert back and take effect as of date the original resolution ordering the improvement.

At the time the original resolution ordering the improvement was passed, on July 18, 1924, as above shown, the property belonged to Davies Construction Company, and no homestead claim existed therein. As soon as O. G. Claxton pur-

chased the property on January 6, 1925, he moved therein with his wife, and used and occupied the same as his homestead for more than a year, and until after it was foreclosed on by Davies Construction Company on April 6, 1926.

From the above it is seen that at the time Claxton purchased the property, and at the time he used and occupied the same as his homestead, the resolution ordering the improvement had already been passed, but the ordinance assessing the benefits had not been passed.

With the record in the above condition, John R. Brandon et al., who became the owners of the paving certificate and lien, sued O. G. Claxton, Lingo Lumber Company, Davies Construction Company, G. C. McElyea, and one W. T. King. Brandon et al. prayed judgment against Claxton for debt, and further prayed judgment against all defendants for a foreclosure of their alleged paving lien, and asserted superiority of such paving lien over the lien securing the $2,000 and $1,920 notes above described.

The defendants in the district. court answered and denied the superiority of the paving lien, and by cross action sought its cancellation. Trial in the district court resulted in a judgment for Brandon et al. against Claxton for the debt represented by the certificate, but they were denied any foreclosure on the property, and the alleged paving lien was held void and cancelled. On appeal to the Court of Civil Appeals at Dallas by writ of error that court affirmed the personal judgment against Claxton, but reversed the balance of the judgment and rendered judgment for Brandon et al. decreeing the superiority of their paving lien over the other liens above mentioned. 30 S. W. (2d) 679. Claxton et al., defendants in the district court, and defendants in error in the Court of Civil Appeals, bring error to this court.

Plaintiffs in error, by their application, present but one contention to this court, which is that the provisions of section 1 of article 10 of the Dallas city charter, providing that the lien for street improvement assessments shall relate back and become effective as of date the original resolution ordering the improvement, is unconstitutional and void. In this connection it is pointed out by plaintiffs in error that at the time the ordinance assessing the benefits was passed, the property was being used and occupied by Claxton as a homestead; but at the time the original resolution ordering the improvements was passed, no homestead interest in the property existed. It is therefore evident that if the lien be fixed as of date the original resolu-

tion ordering the improvement, it is valid. On the other hand, if it is not fixed until on or after the ordinance assessing the benefits, it is void. In other words, if section 1 of article 10 of the Dallas city charter, providing that the lien for street improvement assessments shall relate back and become effective as of date the original resolution ordering the improvement is constitutional, then this paving lien is valid. If such charter provision is unconstitutional, then this lien is invalid.

In the case of M. E. Anderson et al. v. John R. Brandon et al., No. 5821 this day decided by the Supreme Court, post., 47 S. W. (2d) 261, it was determined that section 1 of article 10 of the Dallas city charter, supra, is valid and constitutional. In the case mentioned the constitutional questions involved are fully discussed, and no good purpose can be served by a further discussion here. Upon the authority of that case the judgment of the Court of Civil Appeals should be affirmed.