## GRAHAM v. LETOT.

### No. 12102.

Court of Civil Appeals of Texas. Dallas.

Feb. 6, 1937.

Rehearing Denied March 6, 1937.

Turner, Rodgers & Winn, of Dallas, for appellant.

Lively, Dougherty & Alexander, of Dallas, for appellee.

BOND, Justice.

This suit was filed by appellant, Mrs. M. V. Graham, against appellee, Oliver Letot, on March 5, 1934, in trespass to try title; she amended her petition on October 12, 1934, retaining her allegations of trespass to try title and, in the alternative, that she had theretofore procured a judgment in cause No. 66092-B, styled John R. Brandon et al. v. O. G. Claxton et al., on a paving assessment certificate, evincing a lien against the property in controversy, sought foreclosure of said lien against appellee.

Appellee filed a plea of not guilty and asserted superior title in himself, under the three and five-year statutes of limitation (Vernon's Ann.Civ.St. arts. 5507, 5509), and also pleaded the two and four-year statutes of limitation (articles 5526, 5529), in bar of appellant's suit.

The cause was submitted to the court without a jury and judgment entered in favor of appellee for the title and possession of the property, and removed all clouds cast upon his title by virtue of the paving certificate, lis pendens notice, judgment, etc., from which appellant has appealed.

The facts in this case are undisputed: On May 18, 1923, by general warranty deed, the Davies Construction Company conveyed the property in controversy to C. T. Layton and, as a part of the purchase price, Layton executed to Lingo Lumber Company a first vendor's lien note of $2,000, reserved on the property, and also executed a deed of trust lien to John C. Read, trustee, for the use and benefit of the payee of said note. On March 23, 1923, Lingo Lumber Company assigned the $2,000 note and lien to Oliver Letot, by a duly executed and recorded transfer, and, on January 6, 1925, O. G. Claxton became the owner of the property, assuming the $2,000 lien then existing and held by Oliver Letot.

While O. G. Claxton was the beneficiary owner and in possession of the property in question, and Oliver Letot was the owner of the vendor's lien, the city of Dallas, on April 18, 1924, by resolution, ordered the pavement of Ash Lane, a street in the city and in front of said property, and, by necessary steps and successive resolutions and ordinances, affected the pavement of the street, and thereafter, on June 29, 1925, issued to the contractor, Fuller Construction Company, a special assessment certificate in the sum of $287.42, covering the cost of such improvement.

All of the proceeding being regular and in compliance with the statutes and the charter of said city, O. G. Claxton and wife were privileged to and did execute a collateral and cumulative mechanic's lien contract, as further evidencing the security of said assessment and certificate; and, after the creation of such liens, G. C. McElyea became the owner of the property and John R. Brandon et al. became the owners of the paving and mechanic's liens.

On December 1, 1926, suit was filed by John R. Brandon et al., the owners of the paving certificate and lien, the purpose being to obtain a judgment on their debt against O. G. Claxton and to foreclose the paving or assessment lien against said property. The defendants, in that suit, were O. G. Claxton, one of the parties appearing in the chain of title and who executed the valid mechanic's lien to secure the cost of the pavement; Lingo Lumber Company, the alleged owner of the $2,000 first vendor's lien note, of date prior to the institution of the proceedings creating the paving lien; Davies Construction Company, the owner of a second vendor's lien note of even date with the Lingo note; and G. C. McElyea, the record owner of the property at the time of the institution of said suit. Oliver Letot was not a party defendant in that suit. Judgment was entered on January 19, 1928, by a district court of Dallas county, simply giving to plaintiffs therein a personal judgment against O. G. Claxton for the amount of the paving certificate, and the alleged lien of Lingo Lumber Company was adjudged a first and superior lien against the property, and the lien of Davies Construction Company a second lien. Appeal was perfected in that case and this court reversed the judgment as to the adjudication of the liens and entered a judgment, establishing the paving certificate as a first and superior lien on the property, and that the liens of the Lingo Lumber Company and Davies Construction Company were inferior liens thereto. Brandon v. Claxton (Tex.Civ.App.) 30 S.W.(2d) 679. The Supreme Court affirmed this judgment on March 2, 1932. Claxton v. Brandon, 121 Tex. 184, 47 S.W.(2d) 263.

In the meantime, the appellant in this suit, Mrs. M. V. Graham, acquired the interests of the plaintiffs J. R. Brandon et al. in the above suit, and when the mandate of the Supreme Court had been filed in the court below, caused an order of sale to issue and the property sold to satisfy her judgment of foreclosure, she becoming the purchaser thereof under a sheriff's deed, dated July 4, 1933; and thereafter instituted this suit against Oliver Letot, who, on July 3, 1928, by trustee's deed duly recorded, acquired the property by foreclosure of his lien, in default of payment of his $2,000 note.

It is conceded that appellee has been in open, peaceable, adverse, and continuous possession of the property, by use and occupancy only, since his purchase; that he has never given notice to appellant, the holder of the superior lien; that he was holding possession antagonistic to her lien; and further conceded that appellee's immediate predecessor in title, C. T. Layton, held the title through and under a regular chain of title from the state of Texas down to himself, subject only to the first and second vendor's liens created in the deed to him. It is also conceded that the paving proceedings and the issuance of the certificate by the city of Dallas were regular and in compliance with the statute and charter of said city. There is no attack made on the judgment foreclosing the paving lien, or the lien itself, created by the city and O. G. Claxton on the property by virtue of the paving proceedings, except that appellee, Oliver Letot, was not a party thereto, had no actual notice thereof, and was not given an opportunity to be heard as a holder of a prior vendor's lien on the property; and that, not being made a party to the former suit of foreclosure, the judgment rendered therein was not binding as to him; thus, his rights to the property, at the time of the institution of the present suit, had ripened into a superior title under the three-year statute of limitation, and that the paving lien was barred as to him under the two and four-year statutes of limitation.

■ A lien on property is only an incident to a debt and where there is no debt or other unperformed obligations, there can exist no lien, and so long as the debt or obligations are in esse, not barred by limitation, the lien survives. O. G. Claxton, the beneficiary owner of the property, by mechanic's lien contract and perforce of the statute, obligated himself to pay the value of the improvements on the property evidenced by the paving certificate, and the paving lien was merely an incident to such obligation; so, when that debt was merged into a final judgment and execution issued thereon against the obligor in 1932, we think it was tantamount to extending the two and four-year statutes of limitation, not only as to the debt, but the lien as well, to a period of ten years, the limitation period applicable to judgments (Vernon's Ann.Civ.St. art. 5532).

■ It has been decided in this state that a purchaser of land charged with a lien to secure a debt is entitled to assert against the holder of the lien the statute of limitation barring the debt. Columbia Avenue Saving Fund, Safe Deposit, Title & Trust Co. v. Strawn, 93 Tex. 48, 53 S. W. 342. So, where the debt is not barred by the statutes of limitation, a purchaser of the property charged with the lien cannot assert any greater or superior right affecting the lien than the obligor of such indebtedness, unless the purchaser's possession was adverse to such lien. The paving debt in this case was created at a time when O. G. Claxton owned the property; he was, therefore, by contract and by force of the statute, the city charter, obligated to pay the paving debt and, as the debt was kept alive perforce of the judgment and execution, he and any subsequent purchaser or inferior lienholder in privity with him could not assert the statute of limitation to the incidental lien. An action to enforce a lien upon land, there being no adverse possession, is not barred until the debt is barred.

■ The paving proceedings, admitted to be regular and in compliance with the city charter, created against the property abutting on the improved street and against the owners thereof a superior lien. Claxton et al. v. Brandon et al., 121 Tex. 184, 47 S.W.(2d) 263; Kohfeldt et al. v. City of Denison (Tex.Civ. App.) 58 S.W.(2d) 549. When appellee purchased the prior vendor's lien, by written transfer from the Lingo Lumber Company, in 1923, bringing into existence and creating unto himself the superior title to the property as security for the note thus assigned, appellee knew, or, at least, the law imposes knowledge to him, that the city of Dallas had the right under its charter to make all necessary improvements on its streets and create valid paving liens

on abutting properties superior to all prior existing vendor's liens on such properties. Furthermore, actual notice in reference to the improvements and assessments were given by the city to all owners of property effected by the improvements, in the manner required by the city charter, by publication, addressed to all owners of such properties. "It has been repeatedly held that the word 'owners,' when used in special assessment, eminent domain, or condemnation statutes, embraces the holders of every kind of lien, claim, or equity in the property involved." Nalle et al. v. Eaves et al. (Tex.Com.App.) 5 S.W. (2d) 500, 501. Thus, appellee as the owner of a prior existing vendor's lien on the property in question was charged with notice of the improvement and assessment, and the succeeding steps and ordinances, creating the paving certificate here involved as a superior lien over that of his vendor's lien. For all intent and purpose, appellee was a party to such proceedings to the same extent as the beneficiary owner of the property and, as such lienholder, was in privity with the owner, thus recognizing the superiority of the paving lien over his vendor's lien.

A purchaser of property subject to two liens cannot acquire the property at a foreclosure sale under the inferior lien and then claim title adversely against the superior lienholder, when the purchaser was charged with notice of its creation and thereafter recognized its superiority by failing to contest the proceeding at a hearing provided by law for that purpose. The city charter provides, subdivision (j) of section 1, article 10, pertaining to street improvements and assessments of benefits, that, "At any time within ten days after the hearing herein provided for has been concluded, any person or persons having an interest in any property which may be subject to assessment under this Act, or otherwise having any financial interest, in such improvement or improvements, or in the manner in which the cost hereof is to be paid who may desire to contest on any ground the validity of any proceeding that may have been had with reference to the making of such improvements or the validity in whole or in part of any assessment or lien or personal liability fixed by said proceedings, may institute suit for that purpose in any court of competent jurisdiction. Any person who shall fail to institute such suit in said period of ten days, or who shall fail to diligently prosecute such suit in good faith to final judgment, shall be forever barred from making any such contest or defense in any other action and this estoppel shall bind their heirs, successors, administrators and assigns. The City of Dallas and the person or persons to whom the contract has been awarded shall be made defendants in such suit, and any other proper parties may be joined therein." See Gillespie v. Fuller Const. Co. (Tex.Civ.App.) 66 S.W.(2d) 798, 800.

Therefore, the paving lien holding priority over appellee's prior vendor's lien, the trustee's sale of the property to appellee, under the deed of trust, was effected by the lien. Being a second and inferior lienholder, appellee was not a necessary party to the former suit to establish the debt and enforce the superior lien against the owner of the property. The only interest appellee had, as the purchaser under the foreclosure of his inferior lien, was the interest in equity of redemption. The conveyance to him had no other effect than to extinguish his vendor's lien, and, thereafter, he held the naked superior title in trust for the benefit of the owners of the paramount lien. His possession cannot be said to be antagonistic to the first lienholder, but is entirely consistent therewith. Obviously, the first lienholder was not entitled to possession of the property until foreclosure, so, until the inferior lienholder brought notice to the superior lienholder, other than mere possession of the property, that he was holding in hostility to her rights, his possession was in privity with the superior lien.

Appellee occupying the same relation to the paving lien that his vendor did, the vendor and those in privity with him were in actual possession, occupying, using, and enjoying the premises, and the appellee, through foreclosure of an inferior lien, takes immediate possession of the property under his trustee's deed and commenced occupying, using, and enjoying the same, his attitude is not different from that of his vendor at the time of the sale.

It would be an anomalous situation, while a superior lienholder was seeking to establish his debt and lien by suit against the obligor of such debt, to merge the debt and lien into a judgment and foreclosure, that an inferior lienholder, with knowledge chargeable to him of the superior lien, could come into possession of the property

burdened with the superior lien, and then claim a superior title to the property adverse to such lien by the exercise of the three-year statute of limitation. Appellee, having thus acquired the property by virtue of his inferior lien, had only the right in equity to redeem the property, and equity would have required the holder of the superior lien to transfer the same to the junior lienholder in payment of the superior lien. We are of the opinion that appellee's possession was not adverse to appellant's lien, and he does not hold title under the three-year statute of limitation.

■ The property having been purchased by appellant under execution to satisfy the judgment establishing and foreclosing her superior paving lien, without actual notice having been brought to appellee and without giving to him a junior lienholder in possession, an opportunity to redeem the property, we think, appellee would have been entitled, had he asserted such right in the present suit, to redeem by paying the amount of the prior lien debt. McDonald v. Miller, et al., 90 Tex. 309, 39 S.W. 89. However, be that as it may, no attack has been made on appellant's purchase of the property under the judicial foreclosure of her superior lien, and no right of redemption is sought by appellee, and the superior title to the property is shown to be in appellant, thus, we have no other recourse but to follow the appeal as presented by the parties themselves; accordingly, the judgment of the lower court is reversed and judgment rendered in favor of appellant for the title and possession of the property in controversy.

Reversed and rendered.

### On Motion for Rehearing.

The appellant having purchased the property in controversy to satisfy the judgment establishing and foreclosing her superior lien, the conclusion is expressed in the original opinion that appellee would have been entitled, as a purchaser of the property under foreclosure of an inferior lien, to the equitable right of redemption from the purchaser under foreclosure of the superior lien, had he timely asserted such right.

■ Our attention has been directed to appellee's plea of not guilty, thus presenting, we think, all equitable defenses to appellant's title arising under the judicial foreclosure, and, appellant having sought in an alternative plea the right of foreclosure of her lien as to appellee, and the amount of the debt having been established, from which there is no complaint, the judgment of the lower court should have been reformed so as to give effect to appellant's superior lien and foreclose the lien as against appellee; therefore, based upon that holding, the judgment of this court reversing the judgment of the lower court and rendering judgment in favor of appellant against appellee for the title and possession of the property in controversy is set aside and the judgment of the lower court is reformed, foreclosing the lien as to appellee, and in all other respects, the judgment of the lower court is affirmed. Accordingly, appellee's motion for rehearing is overruled.

Motion for rehearing overruled.