Henry Ernest **Hofschneider**,
Plaintiff/Appellant,
v.
Joanne M. **Hofschneider**,
Defendant/Appellee.
Appeal No. 94-010
Civil Action No. 91-0994
May 11, 1995

Submitted on Briefs November 7, 1994

Counsel for appellant: R. Darrin Class, Saipan (Law Offices of David A. Wiseman).

Counsel for appellee: Stephen J. Nutting, Saipan (White, Pierce, Mailman & Nutting).

BEFORE: DELA CRUZ, Chief Justice, and VILLAGOMEZ and ATALIG, Justices.

VILLAGOMEZ, Justice:

■ Henry Ernest Hofschneider ("Henry") appeals from a Superior Court order which classified a homestead lot as marital property. Henry's wife, Joanne Merrick Hofschneider ("Joanne"), is not a person of Northern Marianas descent ("non-NMD").

We have jurisdiction under 1 CMC § 3102(a). We hold that the homestead land is not marital property and reverse.

## ISSUES & STANDARD OF REVIEW

■ Henry raises three issues and other subissues for our review. However, the dispositive issue is whether the homestead lot is marital property under the Marital Property Act of 1990 ("MPA").[1] This is a question of law which we review de novo.[2]

■ Henry also raises the issue of whether the MPA applies to a marriage where one spouse is a non-NMD. We dispose of this issue by noting that the language of the MPA makes clear that it applies to all marriages. The statute simply may not be applied in a manner that violates Article XII of the Commonwealth Constitution.

## FACTUAL & PROCEDURAL BACKGROUND

In November 1979, the Marianas Public Land Corporation (MPLC) issued Henry, then single, a permit to homestead village lot 006 T 45[3] in San Jose, Tinian ("homestead").[4] On November 15, 1980, Henry married Joanne while they were both residing in Washington State.

Henry's father built a small house on the homestead property for Henry. In October 1983, MPLC issued

Henry a certificate of compliance and a quitclaim deed to the homestead land.

Henry, Joanne, and their two children moved to Tinian in 1987. In October 1991, Joanne sued for a divorce, which was granted the following month.

After a separate hearing in 1992 concerning the disposition of the homestead property, the trial court entered an order in which it ruled that the homestead land was marital property. The court reasoned that "a person holding a 'homestead permit' acquires an ownership interest in the homestead upon his receipt of a 'certificate of compliance[,]'. . . [and Henry] did not acquire his certificate of compliance until October 7, 1983, three years after the Hofschneider marriage began."[5] In establishing the time of acquisition of interest in the land, the trial court concluded that "ownership interest" means fee simple ownership.

## ANALYSIS

Henry argues that, under the MPA, the homestead property is not marital property. We agree.

The trial court noted that although Henry received a permit for the homestead in 1979, he did not receive a certificate of compliance until October 1983, three years into the marriage. Relying on the proposition that the holder of a homestead permit does not acquire an ownership interest in the land until he or she receives a certificate of compliance,[6] the trial court ruled that Henry did not acquire such an interest in the homestead property until October 1983, when he was already married. As a result, the land was acquired during the marriage and constituted marital property.[7] The trial court erred, however, in concluding that the time of acquisition of a fee simple interest, as opposed to a lesser interest in the homestead property, is determinative in the classification of property as marital or separate.

■ For purposes of classifying the homestead

---

[1] Codified at 8 CMC § 1811 et seq.

[2] *See Krebs v. Krebs*, 759 P.2d 77, 79-80 (Idaho Ct. App. 1988). The parties here do not dispute the material facts surrounding the issuance of the homestead permit.

[3] This lot was originally designated 008 T 09. Excerpts of Record at 8, 13.

[4] Henry paid the homestead application fee.

[5] *Hofschneider v. Hofschneider*, Civ. No. 91-0994 (N.M.I. Super. Ct. Mar. 9, 1994) (order at 4).

[6] *See Sablan v. Cabrera*, 4 N.M.I. 133, 140-41 (1994). The relevant issue in *Sablan* was whether the government's issuance of a deed to homestead land to a second homesteader, after issuance of a certificate of compliance to the first homesteader of the same land, constituted a taking by the government. We held that it did constitute a taking because the first homesteader's right to fee simple ownership of the land, as against the government, vested when the first homesteader received the certificate of compliance.

[7] *See* order, *supra* note 5, at 4.

278

property as either marital or non-marital property under the MPA, we need to determine whether a party acquired "an interest" in the property prior to the marriage. If Henry obtained an interest before the marriage, the property is not marital.

 The MPA defines "property" as "an interest, present or future, legal or equitable, vested or contingent, in real or personal property."[8] The homestead permit issued to Henry vested in him a present possessory interest and a future or contingent fee simple interest in the homestead property.[9] The future[10] or contingent[11] fee simple interest was subject to his compliance with the requirements of the homestead law. Thus, under the MPA's definition, Henry acquired a property interest when he received the homestead permit in 1979, prior to his marriage to Joanne. We hold, therefore, that Henry acquired the homestead as his individual property.

Eight CMC § 1820(f) of the MPA provides that "[p]roperty owned by a spouse at the determination date is individual property."[12] In addition, "[e]xcept as provided otherwise in [the MPA], the enactment of [the MPA] does not alter the classification and ownership rights of property acquired before the determination date."[13] Elsewhere in the MPA, in the section governing the classification of property in marital dissolutions, the statute specifies that all property owned by divorcing spouses "that was acquired during the marriage and before the determination date which would have been marital property under [the MPA] if acquired after the

determination date[,] must be treated as if it were marital property."[14]

 Pursuant to 8 CMC § 1813(e) of the MPA, the determination date in this case was February 22, 1991, the effective date of the MPA. The date of marriage, however, was November 15, 1980. Henry acquired an interest in the property in 1979, twelve years before the determination date and one year prior to marrying Joanne. Consequently, under the facts of this case, the homestead land is not marital property[15] and is not subject to equitable distribution in the divorce proceedings.[16]

## CONCLUSION

We **REVERSE** the trial court's holding that the homestead land is marital property. We **REMAND** this

---

[8] 8 CMC § 1813(o).

[9] Cf. Knapp v. Alexander-Edgar Lumber Co., 237 U.S. 162, 166-69, 35 S. Ct. 515, 516-17, 59 L. Ed. 894 (1915) (discussing homesteaders' rights under federal homestead programs); Petition of S.R.A., Inc., 18 N.W.2d 442, 446-48 (Minn. 1945) (same), aff'd sub nom., S.R.A., Inc. v. Minnesota, 327 U.S. 558, 66 S. Ct. 749, 90 L. Ed. 851 (1946).

[10] "Future interest" means "[a]n interest that will come into being at some future point in time." BLACK'S LAW DICTIONARY 676 (6th ed. 1990).

[11] "Contingent interest" means "[a]n estate, interest or right which depends for its effect upon an event which may or may not happen." Id. at 321. Here, since the acquisition of a deed to the homestead depended upon Henry's compliance with the homestead requirements, which compliance may or may not have occurred, he had a contingent fee simple interest in the homestead land at the time he received the homestead permit.

[12] 8 CMC § 1820(f).

[13] 8 CMC § 1820(h) (emphasis added).

[14] 8 CMC § 1833(a).

[15] Cf. In re Estate of Rupley, 345 P.2d 11, 13 (Cal. Ct. App. 1959) (ruling that homestead was decedent's separate property and not community property because spouse had applied for homestead permit one year prior to marriage, notwithstanding that patent to homestead was issued more than three years after marriage).

[16] Joanne asserts that, under the definition of "marital homestead property" in 2 CMC § 4341(g) of the Marital Homestead Title Act (MHTA), 2 CMC § 4341 et seq., the homestead land constitutes marital property because the certificate of title was issued to Henry during the marriage and within three years after issuance of the homestead permit. We disagree with this contention. The MHTA contemplates joint fee simple ownership of homestead property with the right of survivorship. It also contemplates succession of a surviving spouse to fee simple interest in the homestead land upon the death of the grantee spouse.

Two CMC §§ 4342 and 4343 of the MHTA provide for the transfer of the homestead land to the surviving spouse upon the death of the grantee spouse. In such cases, "the surviving spouse shall be deemed to possess all right, title and interest in the property which had previously been possessed by grantee spouse." 2 CMC § 4343(b).

Two CMC § 4346 of the MHTA authorizes MPLC to allow a homestead permittee to add the name of his or her spouse as an applicant on the homestead application. When that is done and the homestead matures, title "shall be issued in both persons' names, and the property shall be held jointly with the right of survivorship." 2 CMC § 4346. Joanne was not eligible to apply for homestead land under applicable laws in 1983 and, therefore, she could not have been added as a homestead applicant. Nor can she now be declared to hold fee simple interest in the homestead property pursuant to 2 CMC § 4341(g) of the MHTA.

matter to the trial court for further proceedings consistent with this opinion.